637 So.2d 956 (1994)
Kenturah L. KING, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04588.
District Court of Appeal of Florida, Second District.
June 1, 1994.
*957 George J.F. Werner, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
FULMER, Judge.
In this appeal we are asked to determine whether a defendant who has pled no contest to possession of drug paraphernalia may be prosecuted later for possession of the cocaine contained in the paraphernalia. Because the Supreme Court's decision in U.S. v. Dixon[1] allows both prosecutions, we affirm the trial court's denial of the motion to dismiss the possession of cocaine charge.
After being arrested on an outstanding warrant, the defendant, Kenturah King, was searched and found to be in possession of crack cocaine pipes containing cocaine residue. She was placed under arrest for possession of drug paraphernalia and possession of cocaine.[2] At arraignment on October 7, 1992, she pled no contest to the misdemeanor charge of possession of drug paraphernalia. On October 13, 1992, the state filed an information charging the defendant with possession of cocaine. Citing Grady v. Corbin,[3] the defendant moved to dismiss the information on double jeopardy grounds because the same conduct formed the basis of both the possession of cocaine and possession of drug paraphernalia charges.
In Dixon, the Supreme Court overruled Grady and receded from the "same conduct" test, holding that the "same elements" test formulated in Blockburger v. U.S.[4] would control in double jeopardy determinations. The Blockburger test, as codified in section 775.021(4), Florida Statutes (1991), provides that offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial. To prove possession of drug paraphernalia, it is not necessary for the state to prove the presence of a controlled substance. To prove possession of cocaine, it is not necessary to prove possession or use of any drug paraphernalia. Thus, each offense has an element the other does not and they are therefore, separate offenses for which separate convictions and sentences may be obtained. There being no double jeopardy violation, *958 we conclude that the defendant's motion to dismiss was properly denied.
Affirmed.
HALL, A.C.J., and BLUE, J., concur.
NOTES
[1] 509 U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).
[2] §§ 893.147(1) and 893.13(6), Fla. Stat. (1991).
[3] 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).
[4] 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).