HARRIS, Chief Judge.
Farooq Hayat Malik kicked in the door of his wife’s home, entered without his wife’s consent and, once inside, committed an assault against his wife and others.
He was arrested under a charging affidavit alleging the felony of burglary of a dwelling with an assault therein. He appeared through counsel, pled not guilty to the felony charge and was released on a $7,500 bond.
While this case was pending, a misdemean- or charge of malicious mischief was filed in county court. This charge was based on the damage done by kicking down the door as set out in the preceding paragraph. Malik appeared in county court and pled guilty to that charge.
Shortly before this plea, an information was filed in the original felony case. Malik denies that he was aware of that filing when he pled guilty to the misdemeanor. He moved to dismiss the felony information on the basis of double jeopardy as well as on collateral estoppel grounds in that he was misled into pleading to the misdemeanor, reasonably believing that his plea would conclude the State’s entire action against him. The trial court denied his motion. He appeals. We affirm.
U.S. v. Dixon, — U.S. -, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) has restored the Blockbwrger test for determining the issue of double jeopardy. Under Block-burger, there is no double jeopardy violation in this case. The malicious mischief charge could have been filed as a companion charge in this felony action. Instead, it was separately filed as a misdemeanor in the county court.
The issue of collateral estoppel is controlled by Rule 3.151, Florida Rules of Criminal Procedure. Consolidation would have been proper under subsection (b) had Malik (or the State) requested it. Instead, Malik pled. He is, therefore, bound by subsection (d):
A defendant may plead guilty or nolo con-tendere to a charge of one offense on the condition that other charges on related offenses be dismissed or that no charges of other related offenses be instituted.... [emphasis added].
That was not done in this case. Even though Malik may not have been aware of the filing of the felony information, he was aware that he had been arrested on a felony affidavit and was on bond in a felony case. He cannot ignore this knowledge, seek no clarification, and then claim collateral estoppel. See State v. Feldman, 362 So.2d 481 (Fla. 1st DCA *226 1978); State v. Harris, 357 So.2d 758 (Fla. 4th DCA 1978).
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.