PER CURIAM.
Lawrence James Boston appeals the summary denial of his motion for postconviction relief. We reverse because the trial court failed to attach to its order any documents that refute Mr. Boston’s claim of ineffective assistance of counsel.
In this timely rule 3.850 motion, Mr. Boston claims that his convictions for charges filed against him in September 1990 should have been barred by double jeopardy. Specifically, he alleges that these charges had been filed previously and dismissed under a negotiated plea agreement. He argues that his trial counsel provided ineffective assistance by failing to raise this issue.
As a general rule, it is permissible for the state to refile charges it has nol prossed, so long as it complies with the applicable statute of limitations and the speedy trial rule. See State v. Agee, 622 So.2d 473 (Fla.1993); State v. Carter, 452 So.2d 1137 (Fla. 5th DCA 1984); State v. Sokol, 208 So.2d 156 (Fla. 3d DCA 1968). This general rule does not apply, however, if the charges were dropped as a condition of a negotiated plea. See Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Counsel’s failure to raise the prior negotiated plea as a double jeopardy issue could create a valid basis for relief under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, the trial court erred by summarily denying Mr. Boston’s motion without any record attachments.
On remand, unless the case files and records conclusively show that Mr. Boston is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record that conclusively refute Mr. Boston’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
Accordingly, this case is reversed and remanded for proceedings consistent with this opinion.
THREADGILL, A.C.J., and ALTENBERND and QUINCE, JJ., concur.