RYDER, Acting Chief Judge.
The State of Florida seeks review of the trial court’s dismissal of a charge against Jerry Gregory on double jeopardy grounds. We reverse on the authority of United States v. Dixon, — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), and remand for further prosecution.
The state charged Gregory with driving under the influence (D.U.I.) as a fourth offense, fleeing and attempting to elude a police officer and driving with a suspended license. Gregory pled guilty to the charges of fleeing a police officer and driving with a suspended license. He was sentenced to jail terms of nine months for each of these charges, to run concurrently. He then moved to dismiss the D.U.I. charge on double jeopardy grounds. The trial court granted his motion, relying on Grady v. Corbin, 495 U.S. 508,110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).
The state points out that the United States Supreme Court overruled Grady in Dixon. It asserts that Dixon is applicable here because this ease was pending on appeal at the time Dixon was decided. We agree. See State v. Murray, 644 So.2d 533 (Fla. 4th DCA 1994) (“[bjecause this ease is currently on appeal, there is no reason why Dixon should not be applied retroactively”); State v. Dunsford, 634 So.2d 319 n. 1 (Fla. 1st DCA 1994); Hernandez v. Superior Court in and for County of Maricopa, 179 Ariz. 515, 880 P.2d 735 (Ct.App.1994).
Dixon announced a return to the double jeopardy analysis used in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Blockburger established the “same elements” test, which focuses on whether each offense contains a statutory element that is not contained in the other. If each offense has at least one element that the other does not, double jeopardy does not bar multiple punishment and successive prosecution. Dixon, — U.S. at —, 113 S.Ct. at 2856; Blockburger, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. The crimes for which the state charged Gregory, driving under the influence, driving with a suspended license and fleeing or attempting to elude a law enforcement officer all contain an element not present in the others. See §§ 316.913, 316.1935, 322.34, Fla.Stat. (1991). While Gregory does not even argue that he would prevail under the “same elements” test, we note that, under Dixon, prosecution of the D.U.I. charge is not barred by double jeopardy. We reverse and remand for further prosecution.
Reversed and remanded.
PATTERSON and FULMER, JJ., concur.