W. SHARP, Judge.
Rogers appeals from a judgment adjudicating him guilty and sentencing him for grand theft of a motor vehicle. He argues double jeopardy[1] bars his conviction and sentence for this case. We disagree and affirm.
In an earlier proceeding, Rogers entered into a plea agreement with the state to plead guilty to unrelated counts in exchange for the state nolle prossing a count for selling, possessing, offering, concealing or disposing of a motor vehicle with no serial number.[2] Although the record in this case is not clear on this point, for purposes of this appeal we will assume that the same motor vehicle, a 1993 Isuzu pickup trick, was involved in both counts — the altered VIN count in an earlier indictment and the present grand theft charge. Rogers had a 1989 Isuzu pickup truck with legal tags and VIN. After he stole a 1993 Isuzu pickup, he put the 1989 vehicle’s tag and VIN on the 1993 vehicle. The 1993 vehicle was used in a burglary of a school. The police discovered the switch of tag and VIN when Rogers was arrested leaving the school.
On appeal, Rogers argues that the charge nolle prossed earlier by the state pursuant to his plea agreement and the present grand theft charge involve the “same conduct” and thus double jeopardy bars the subsequent prosecution. See Boston v. State, 645 So.2d 553 (Fla. 2d DCA 1994). In Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the United States Supreme Court held that to determine whether a subsequent prosecution is barred by the double jeopardy clause, a court must first apply the traditional Blockburger[3] test. If the application of the Blockburger test shows that the offenses have identical statutory elements, or that one is a lesser included offense of the other, then the inquiry must cease and the subsequent prosecution is forbidden. However, even if the prosecution survives the Blockburger test, the double jeopardy clause still prevents prosecution in cases in which the government, in order to establish an essential element of an offense charged, relies upon conduct that constitutes an offense for which the defendant has already been prosecuted.
However, in United States v. Dixon, — U.S. -, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the United States Supreme Court overruled Grady by receding from “the same conduct test” for double jeopardy and adopting once more the Blockburger test. In essence, pursuant to the Blockburger test, the two offenses are separate or different (and thus not able to violate double jeopardy) if each requires proof of an element that the other does not. The determination of separateness vel non, should be made without regard to the accusatory pleading or proof at trial. King v. State, 637 So.2d 956 (Fla. 2d DCA 1994); Thomas v. State, 633 So.2d 1122 (Fla. 5th DCA), rev. denied, 640 So.2d 1109 (Fla.1994); State v. Knowles, 625 So.2d 88 (Fla. 5th DCA 1993); Von Deck v. Evander, 622 So.2d 1160 (Fla. 5th DCA 1993).
In this case, Rogers was charged with grand theft of the 1993 motor vehicle, a violation of section 812.014(2)(c)4, Florida Statutes (1993). The elements required to be proved by section 812.014(2)(c)4 for this case are Rogers’ knowingly obtaining or us- *247 mg a motor vehicle of another, plus Rogers’ intent to temporarily or permanently deprive the other person of a right to the motor vehicle, or to appropriate the motor vehicle to his own use or to the use of another.[4] If these same elements must be proven with regard to a violation of the prior charge pursuant to section 319.33(l)(d), double jeopardy could bar this later prosecution.
However, we do not agree that section 319.33(l)(d) has any of the same elements. That criminal statute provides that it is unlawful to possess, sell, offer for sale, conceal or dispose of a motor vehicle on which the vehicle identification number has been knowingly destroyed, removed, covered, altered or defaced.[5] To prove this offense, it is not necessary in the least to prove the motor vehicle was stolen. Owners as well as thieves can commit the offense. Likewise, in order to prove grand theft of a motor vehicle, nothing need be proved regarding the VIN. Both have entirely different elements. Their only commonality is that they involve motor vehicles.
Rogers argues he committed only one core offense — theft of the 1993 pickup, and that his possession of the pickup with the altered VIN was merely an aggravation of the theft offense. See Sirmons v. State, 634 So.2d 153 (Fla.1994). But it does not appear to us that the alteration charge is an aggravation or enhancement of the theft in any regard, any more than the theft plays any part in the alteration of VIN charge. Section 319.33(6) provides that any person who violates section 319.33 is guilty of a felony of the third degree, the same degree as the auto theft crime. Further, this section provides “this section is not exclusive of any other penalties proscribed by any existing or future laws for the larceny or unauthorized taking of motor vehicles or mobile homes, but is supplementary thereto.” Thus clearly the Legislature intended that punishment under this section be in addition to punishment for any theft accomplished or facilitated by altering the VIN of a motor vehicle. One is not a degree offense of the other.
AFFIRMED.
HARRIS, C.J., and PETERSON, J., concur.

. U.S. Const.Amend. V; Art. 1, § 9, Fla. Const.

. § 319.33(l)(d), Fla.Stat.

. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Section 812.014 provides as follows:
812.014 Theft.—
(1) A person commits theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
⅜ ⅜5 ⅜ ⅝ ⅜ ⅜!
(2)(c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is:
* * * * * *
4. A motor vehicle.

. Section 319.33 provides as follows:
319.33 Offenses involving vehicle identification numbers, applications, certificates, papers; penalty.—
(1) It is unlawful:
# * # * •}: ¡ft
(d) To possess, sell or offer for sale, conceal, or dispose of in this state a motor vehicle or mobile home, or major component part thereof, on which the motor number or vehicle identification number has been destroyed, removed, covered, altered, or defaced, with knowledge of such destruction, removal, covering, alteration, or defacement, except as provided in s. 319.30(3).