SCHOONOVER, Judge.
The appellant, Norman A. Jones, Jr., a/k/a Antone Smith, challenges the judgment and sentence imposed upon him after he was found guilty of carrying a concealed firearm. We reverse.
The appellant was originally charged with the crime of being a convicted felon in possession of a firearm, carrying a concealed firearm, and carrying a concealed weapon. The appellant was tried separately and found not guilty of felonious possession of a firearm and/or carrying a concealed weapon, to wit: a knife.
*923 After being acquitted at his first trial, the appellant filed a motion to dismiss the remaining charges on the ground of collateral estoppel. The trial court granted appellant’s motion to dismiss the carrying a concealed weapon charge, but denied his motion to dismiss the carrying a concealed firearm charge. The appellant was found guilty, and adjudicated guilty, of carrying a concealed firearm. The appellant was sentenced to “time served” and filed a timely notice of appeal.
The appellant contends that the issue of whether he possessed a firearm was decided in his favor in his first trial and could not be relitigated in the second trial. We agree.
Collateral estoppel is derived from the Fifth Amendment guarantee against double jeopardy and provides that when an issue of ultimate fact has once been determined by a valid and final judgment in a criminal case it cannot be again litigated between the same parties. State v. Short, 513 So.2d 679 (Fla. 2d DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988). Where a previous judgment of acquittal in a criminal case is based on a general verdict, the court is required to examine the record and conclude whether a rational jury could have grounded its verdict upon an issue other than that issue which the defendant seeks to foreclose. Ashe v. Swen-son, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
Pursuant to the dictates of Ashe, we have examined the record and conclude that the jury in the first trial could not rationally have grounded its verdict of acquittal on any issue other than the issue of whether the appellant possessed a firearm. In that trial, the prosecution stipulated that the appellant was a convicted felon. Because of that stipulation, the jury’s verdict of not guilty on the charge of felonious possession of a firearm could not have been based on a determination that appellant was not a convicted felon. The jury’s acquittal must therefore have been based on the determination that appellant did not possess a firearm because that was the only issue of ultimate fact left for the jury to determine.
The state contends that the acquittal in appellant’s first trial may not have been based on the jury’s determination that appellant did not possess a firearm, but rather resulted as an exercise of the jury’s pardon power. The record suggests that there may have been some evidence to support this view. Collateral estoppel, however, does not depend on whether there is any evidence that the jury may have exercised its pardon power. Gragg v. State, 429 So.2d 1204 (Fla. 1983).
We hold that collateral estoppel applies to the issue of possession of a firearm and should have barred the state from relitigat-ing this issue. Accordingly, we reverse the trial court’s order denying appellant’s motion to dismiss the charge of carrying a concealed firearm and remand with instructions to set aside the conviction.
Reversed and remanded.
RYDER, A.C.J., and CAMPBELL, J., concur.