678 So.2d 449 (1996)
STATE of Florida, Appellant,
v.
Rakran Amin MATEEN, Appellee.
STATE of Florida, Appellant,
v.
Edmond Charles HILL, Appellee.
Nos. 95-03474, 95-03831.
District Court of Appeal of Florida, Second District.
August 9, 1996.
*450 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
Frank D. Butler of Shea & Associates, P.A., Tampa, for Appellee Mateen.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellee Hill.
PER CURIAM.
The state challenges the dismissal of charges against the appellees, Rakran Amin Mateen and Edmond Charles Hill. We conclude that the trial court erred in dismissing the charges on double jeopardy grounds and reverse.
On August 31, 1994, Mateen and Hill were charged by information with possession of a firearm by a convicted felon. On September 7, 1994, Mateen and Hill were also charged by indictment with first-degree murder, attempted armed robbery, and attempted murder. All four charges arose out of the same incident.
In July 1995, Mateen and Hill were tried for the charges brought forth in the indictment. The jury returned not guilty verdicts for all charges against Mateen. Hill was found guilty of attempted voluntary manslaughter with a firearm and attempted robbery with a firearm. Thereafter, Mateen and Hill moved to dismiss the possession of a firearm charge based on double jeopardy and collateral estoppel grounds. The trial court granted the motions and dismissed the charges because it found that prosecution of the firearm offense was barred by double jeopardy. This was error.
In United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the Supreme Court held that the Blockburger[1] test controls in determining whether double jeopardy prevents successive prosecutions for offenses arising out of the same conduct. Blockburger established the "same elements" test, which examines whether each offense contains a statutory element that is not contained in the other offense. See State v. Gregory, 648 So.2d 1220 (Fla. 2d DCA 1995); King v. State, 637 So.2d 956 (Fla. 2d DCA 1994).
In the present case, the crime charged in the information must be compared with the crimes charged in the indictment. The crimes charged in the indictment, first-degree murder, attempted armed robbery, and attempted murder, do not contain an element requiring the defendant to have a prior felony conviction, unlike the crime charged in the information, possession of a firearm by a convicted felon. Likewise, those crimes contain several elements not contained in the offense of possession of a firearm by a convicted felon. Therefore, under the Blockburger test, the subsequent prosecution of Mateen and Hill for possession of a firearm by a convicted felon is not barred by double jeopardy.
On appeal, Mateen and Hill also argue that their subsequent prosecution for the possession of a firearm by a convicted felon charge is barred by Florida Rule of Criminal Procedure 3.151. We disagree. Rule 3.151 provides that when a defendant has been tried for one of two or more related offenses, all other related offenses shall be dismissed on the defendant's motion unless the defendant has waived the right to consolidation. *451 Unlike the Blockburger test, rule 3.151(b) defines related offenses as those that may be tried in the same court and those that are based on the same act or transaction or two or more connected acts or transactions. Fla. R.Crim. P. 3.151(b). This rule is separate and distinct from the doctrine of double jeopardy. Von Deck v. Evander, 622 So.2d 1160 (Fla. 5th DCA 1993).
Applying rule 3.151 to the present case, we conclude that Mateen and Hill waived their right to consolidation of the charges because they failed to move for consolidation. See Fla. R.Crim. P. 3.151(b); Malik v. State, 640 So.2d 224 (Fla. 5th DCA 1994). We do not find merit in Mateen's argument that he was not aware of the possession of a firearm by a convicted felon charge, and therefore, he did not waive his right to consolidation. The record shows that Mateen and Hill were aware of the firearm charge because they affirmatively waived arraignment of the charge and entered a plea of not guilty. Consequently, they waived their right to consolidation of the charges pursuant to rule 3.151. See Malik, 640 So.2d at 225.
We note that in the motion to dismiss the firearm charge, Mateen and Hill also argued that the charge was barred by collateral estoppel. Though they do not argue the doctrine of collateral estoppel on appeal, we find that it merits discussion. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), provides that the doctrine of collateral estoppel stands for the principle that when an issue of ultimate fact has been determined by a valid and final judgment, it cannot be litigated again between the same parties in another lawsuit. See Jones v. State, 657 So.2d 922 (Fla. 2d DCA 1995). Here, the only issue that the jury could have determined that would prevent the prosecution of the firearm charge is that Mateen and Hill did not possess a firearm.
Because Hill was found guilty of attempted voluntary manslaughter with a firearm and attempted robbery with a firearm, he cannot argue that the jury found that he did not possess a firearm. Additionally, after reviewing the record, we cannot conclude that Mateen's not guilty verdict was based on the jury's determination that he did not have a firearm. See Ashe v. Swenson, 397 U.S. at 444, 90 S.Ct. at 1194; State v. Short, 513 So.2d 679 (Fla. 2d DCA 1987), review denied, 520 So.2d 586 (Fla.1988)(holding that it is the defendant's burden to prove by convincing, competent evidence that it was necessary in the initial trial to determine the fact sought to be foreclosed). Consequently, we conclude that collateral estoppel does not bar the prosecution of Mateen and Hill for felon in possession of a firearm.
Accordingly, we reverse the dismissal of the charge of felon in possession of a firearm against Mateen and Hill.
SCHOONOVER, A.C.J., and FULMER and WHATLEY, JJ., concur.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).