739 So.2d 1226 (1999)
STATE of Florida, Appellant,
v.
Richard B. HURD, Appellee.
No. 98-01200.
District Court of Appeal of Florida, Second District.
August 6, 1999.
*1227 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellee.
PER CURIAM.
The State appeals from an order dismissing an information on the trial court's finding of a due process violation. Because we reject the trial court's conclusion that the State's actions deprived Hurd of his right to due process, we reverse.
In November of 1996, the State filed an information charging Richard B. Hurd with purchasing cocaine. The case proceeded to trial before Judge Davis and jury selection was completed on August 11, 1997, but the jury was not sworn at that time. The following morning, the prosecuting attorney moved for a continuance after informing the court that the State's key witness, the officer who had acted as an undercover drug seller, had failed to appear for trial pursuant to his subpoena. The prosecutor had made a diligent attempt to contact the officer and had been unable to ascertain an explanation for his absence. Judge Davis denied the motion for continuance, stating: "Bottom line, the law enforcement officer ought to be at least willing to give you a phone call if he can't be here." The prosecutor then told the Judge that if the State nolle prossed the case, it intended to refile it. Judge Davis responded, "That's the State's privilege." Whereupon the prosecutor announced a nolle prosse.
The State filed a new information on August 25, 1997, charging the same offense. Hurd filed a motion to dismiss alleging a due process violation and contending that the State nolle prossed and refiled solely to avoid the trial court's order denying the motion to continue. A hearing was held on this motion before Judge Pyle, who granted the motion to dismiss.
On appeal, the State initially argues that Judge Davis's denial of the motion for a continuance was tantamount to a dismissal. We do not address this argument because the State's announcement of a nolle prosse of the first information terminated that proceeding. Consequently, we cannot review the denial of the motion for continuance. See State v. Spence, 658 So.2d 660, 661 (Fla. 3d DCA 1995) ("[W]e cannot reach back and rule and determine the *1228 validity of orders entered in a previous case that is no longer in existence").
We begin our analysis of the trial court's dismissal of the second information with the recognition that generally it is permissible for the State to refile charges it has nolle prossed, so long as it complies with the applicable statute of limitations and the speedy trial rule. See Boston v. State, 645 So.2d 553 (Fla. 2d DCA 1994). The validity of Hurd's alleged due process violation depends on whether the State's action was motivated by an improper purpose and whether Hurd suffered any prejudice. Cf. United States v. Lovasco, 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977)(due process inquiry based upon pre-indictment delay must consider the reasons for the delay as well as the prejudice to the accused).
We need not reach the issue of whether Hurd has shown prejudice by the discharge of the first unsworn jury panel because we conclude that there was no showing that the State's action was motivated by an improper purpose. In this regard, we distinguish this case from, State v. Goodman, 696 So.2d 940 (Fla. 4th DCA 1997), upon which Hurd relies. In Goodman, the court held that a due process violation occurred when the State entered a nolle prosse immediately after jury selection and refiled the case thirty minutes later. The trial court found that the nolle prosse was done solely to avoid the jury just selected. Id. at 942. In contrast, here, the State entered the nolle prosse due to the unexplained absence of an indispensable witness. On this record, there is no indication of an improper purpose that would give rise to a due process violation.
Reversed and remanded.
CAMPBELL, A.C.J., and THREADGILL and FULMER, JJ., Concur.