NO. 07-08-0119-CR
 
IN THE COURT OF APPEALS
 
FOR THE SEVENTH DISTRICT OF TEXAS
 
AT AMARILLO
 
PANEL A
 
MAY 16, 2008
 
______________________________
 
 
PHILLIP W. MORRIS, APPELLANT
 
V.
 
THE STATE OF TEXAS, APPELLEE
 
_________________________________
 
FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;
 
NO. 2005-410322; HONORABLE RON CHAPMAN, JUDGE
 
_______________________________
 
Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
           Appellant, Phillip W. Morris, was convicted of assault, family violence, enhanced. On
May 8, 2006, he was sentenced to eight years confinement. On February 13, 2008,
Appellant was granted an out-of-time appeal by the Texas Court of Criminal Appeals. The
clerk’s record filed on May 9, 2008, contains the Trial Court’s Certification of Defendant’s
Right of Appeal, which was executed on May 24, 2006, prior to amendments to Rule 25.2(d)
of the Texas Rules of Appellate Procedure, which became effective September 1, 2007. 
Rule 25.2(d) now requires that a defendant sign the certification and receive a copy. 
Additionally, the new form provides certain admonishments to a defendant not previously
required.


 
           Procedural rules generally control litigation from their effective date. Wilson v. State,
473 S.W.2d 532, 535 (Tex.Crim.App. 1971). Consequently, we abate this appeal and
remand this cause to the trial court for further proceedings. Upon remand, the trial court
shall utilize whatever means necessary to secure a proper Certification of Defendant’s Right
of Appeal in compliance with Rule 25.2(d). Once properly completed and executed, the
certification shall be included in a supplemental clerk’s record. See Tex. R. App. P.
34.5(c)(2). The trial court shall cause this supplemental clerk's record to be filed with the
Clerk of this Court by June 30, 2008. This order constitutes notice to all parties, pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a
supplemental clerk’s record containing a proper certification is not filed in accordance with
this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
           It is so ordered.
                                                                                  Per Curiam
Do not publish.



>After the trial judge’s comment, trial counsel stated, “And if you don’t think they proved it
beyond a reasonable doubt it’s called an acquittal.” The trial court remarked, “There you
go, Mr. Finn. Now you’re on.” Trial counsel stated, “Thank you,” to which the trial judge
commented, “If you want to get into it, we can get into it.” The trial judge’s concluding
comment in this portion of the voir dire was, “All right. That’s fine. Let’s see who wins.” 
Ultimately, the jury was selected and the trial was recessed to a later date. 
          Prior to reconvening for trial, the trial judge sent a letter, on January 11, 2007, 
advising counsel that the jury selected but not sworn on January 9, 2007, was dismissed
and that a new trial date had been set. On January 16, 2007, appellant’s trial counsel filed
a request for the entry of findings of fact and conclusions of law regarding the court’s
reasons for discharging the selected but not sworn jury. That same day, trial counsel also
filed a motion requesting a hearing prior to the discharge or dismissal of the selected but
not sworn jury. Also filed on January 16, 2007, was a motion to recuse/disqualify the trial
judge. The trial judge refused to recuse and the matter was referred to the Administrative
Judge for the 1st Administrative Region for assignment of a judge to hear the motion to
recuse. A hearing on the motion to recuse was conducted on February 22, 2007, and an
order of recusal was entered by the visiting judge on February 27, 2007, with a different
visiting judge being assigned to try appellant’s case. 
          On July 5, 2007, the assigned visiting judge heard appellant’s motion to dismiss the
indictment against him. The motion alleged the same grounds as alleged on appeal. The
visiting judge overruled the motion. Trial was subsequently conducted on October 29,
2007, and a verdict of guilty was returned on October 31, 2007. After the jury’s verdict, the
visiting judge assessed appellant’s sentence at seven years imprisonment on each of the
two counts, with the term of confinement suspended on each count and placed appellant
on community supervision for a period of seven years. It is from this judgment that
appellant appeals.
          Through two issues, appellant contends that the sua sponte action of the trial court
in dismissing the chosen but not sworn jury violated his constitutional rights. Specifically,
appellant contends: 1) the dismissal of the selected jury violated his right to due process
under the Fifth and Fourteenth Amendments to the United States Constitution and 2) the
dismissal of the selected jury violated his constitutional right to due course of law under
Article I, section 19 of the Texas Constitution. We disagree and affirm the judgment.
Due Process and Due Course of Law Claims
          The relevant facts leading up to the dismissal of the chosen but unsworn jury are
relatively uncontested. The trial judge and trial counsel engaged in a pattern of conflict 
that, according to the members of the jury panel who testified at the recusal hearing, could
be labeled as exhibiting animus toward trial counsel. Rather than a question of the nature
of the exchanges between the trial judge and trial counsel, the real questions are what
does the record reveal as the reason for the discharge of the unsworn jury and how must
we gauge the action of the trial judge in discharging the jury when the trial judge gave no
reason for the discharge of the selected but unsworn jury. We are left to review the record
in an attempt to ascertain what led to the trial court’s dismissal of the jury.
          Since the jury chosen was not sworn, jeopardy had not yet attached. See Downum
v. United States, 372 U.S. 734, 83 S.Ct 1033, 10 L.Ed.2d 100 (1963) (concluding that, for
purposes of the Fifth Amendment, jeopardy attaches when the jury is sworn); see also
Proctor v. State, 841 S.W.2d 1, 4 (Tex.Crim.App. 1992) (concluding that for purposes of
the federal constitution and the state constitution, jeopardy attaches at the time the jury is
sworn). Because jeopardy had not attached at the time the trial judge dismissed the jury,
appellant is left to claim harm through a denial of due process for purposes of his federal
constitution claim and denial of due course of law for purposes of his state constitutional
claim.
          Appellant contends that for purposes of analysis, we must view the action of
dismissing the chosen but unsworn jury as a denial of due process and due course of law 
without regard to an inquiry into bad faith on the part of the trial judge. Appellant’s
contention is based upon what he describes as “his valued right to have the trial completed
by a particular tribunal.” See Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed.
974 (1949). Additionally, appellant contends that, by finding a due process and due course
of law violation, we will recognize the impropriety of the trial judge’s actions. Finally,
appellant contends that sustaining the trial judge’s actions would eviscerate the holding of
Batson v. Kentucky for it would allow judges to dismiss jury panels chosen but not sworn
or prosecutors to dismiss indictments without prejudice after a jury has been chosen but
not sworn in order to affect the racial composition of juries. See Batson v. Kentucky, 476
U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1989).
          We decline appellant’s invitation to assume bad faith on the part of the trial judge. 
We do so for two reasons. First, the record reveals that the trial judge habitually selects
a number of juries at one time. In all cases, unless trial is starting immediately, the
selected jurors are excused to come back on the appointed day for trial. It is at that time
that the jurors are sworn. Accordingly, the facts do not sustain appellant’s contention that,
by not swearing the jury in after they were selected, the trial court must have had some
nefarious plan in mind. Further, the record reveals that the members of the jury panel who
testified at the recusal hearing all felt that the trial judge had been rude or arrogant with trial
counsel. The consensus of opinion amongst those witnesses was that appellant might not
get a fair trial if trial counsel continued to represent him in front of the trial judge. This
testimony is consistent with the State’s position that the trial court dismissed the selected
but unsworn jury because the trial judge realized that he had overstepped the bounds of
proper judicial conduct during the voir dire. Secondly, we note that the United States
Supreme Court has been reluctant to presume vindictiveness against defendants when
allegations of due process violations occur before the conclusion of trial. See United
States v. Goodwin, 457 U.S. 368, 369, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (deciding
whether to apply a presumption of bad faith, previously used to evaluate a judicial or
prosecutorial response to defendant’s exercise of a right to retrial, to evaluate a
prosecutor’s pretrial response to defendant’s demand for a jury trial). Therefore, we will
not apply a presumption of bad faith or vindictiveness against the trial judge in this matter. 
          If we do not presume bad faith or vindictiveness, then upon what basis may we
grant appellant the relief he requests? Appellant claims we should base our decision on
his valued right to have the trial completed by this particular tribunal. Wade, 336 U.S. at
689. We note, as did Justice Powell in his dissent in Crist v. Bretz that Wade asserts that
right without benefit of any analysis or reference to other authority for the alleged right. 
See Crist v. Bretz, 437 U.S. 28, 53, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). We must then
conclude that, without a presumption of bad faith or vindictiveness, appellant does not
have a right to a trial in front of a particular jury. See Goodwin, 457 U.S. at 384. 
           Additionally, while discussing remedial actions by courts in the due process arena,
Justice Marshall in United States v. Lovasco urged caution by stating,
But the Due Process Clause does not permit courts to abort criminal
prosecutions simply because they disagree with a prosecutor’s judgment as
to when to seek an indictment. Judges are not free, in defining “due
process,” to impose on law enforcement officials our “personal and private
notions” of fairness and to “disregard the limits that bind judges in their
judicial function.”
 
United States v. Lovasco, 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977)
(concerning dismissing an indictment because the prosecutor delayed the initiation of
prosecution). Rather than counsel caution in interposing judicial action, appellant would
have us assume that failure to recognize his due process claim would lead to an
evisceration of Batson v. Kentucky. The problem with that assumption is that if a proper
Batson objection has been made then the record of trial would allow an appellate court to
rule accordingly without the necessity of assuming bad faith or vindictiveness of anyone. 
           Appellant has also cited this court to two cases out of Florida to support his due
process argument. However, on close reading, neither case is applicable to the facts at
bar. In State v.Goodman, 696 So.2d 940 (Fla. Dist. Ct. App.–4th 1997), the prosecutor
took a nolle pross on a case shortly after the trial court ruled that the State’s action in
exercising a peremptory challenge against a minority violated Florida’s version of a Batson
challenge. The trial court did not find that the State acted in bad faith, yet the trial court
dismissed the case upon the defendant’s motion. The appellate court held that a finding
of bad faith was not necessary, however, the language used by the appellate court was
such as to imply improper motive. The appellate court stated,
We strongly disapprove of the state’s improper use of peremptory challenges
to strike a prospective juror on account of the juror’s race. Equally, however,
we condemn the state’s petulant refusal to try its case to a jury containing a
member whom it had improperly sought to strike. 
 
Id. at 943. The opinion clearly indicates that the State was guilty of wrongdoing in taking
a nulle pross after obtaining an adverse ruling that their previous actions were illegal. In
light of the language used by the appellate court, the fact that they did not overrule the trial
court’s finding on no bad faith cannot be read to dispense with some sort of requirement
of bad faith or vindictiveness on the part of the prosecutor. Such element is totally missing
from the facts of the case at bar. The other Florida case cited by appellant, Koenig v.
State, 497 So.2d 875, 884 (Fla. Dist. Ct. App.–3rd 1986), is cited for the proposition that,
even though the defendant did not urge a due process violation, had he done so it might
very well have succeeded. The portion quoted by appellant was in a concurring opinion
and is, at best, dicta. Subsequent to the Florida opinions referred to by appellant is the
Florida case of State v. Hurd which concluded that the validity of the defendant’s alleged
due process violation depended upon whether the State’s action was motivated by an
improper purpose. State v. Hurd, 739 So.2d 1226, 1228 (Fla. Dist. Ct. App.– 2nd 1999). 
It would, therefore, appear that some sort of showing of improper motive or bad faith is
required in Florida before an alleged due process violation of the sort alleged here could
be found.
          Based upon our reading of the cases, it is our determination that some type of
improper motive or bad faith must be attributable to the trial judge before we would be
authorized to find a violation of appellant’s due process rights under the fact scenario we
are presented. The record in this case simply does not support that type of finding. 
Accordingly, we hold that the trial court did not violate appellant’s due process rights under
the United States Constitution. 
          Appellant has also contended that the trial court’s action violated his due course of
law rights under the Texas Constitution. Yet, appellant has not cited this court to a single
case that discusses the due course of law rights of a criminal defendant in the context of
an action by the trial court, or even prosecutor, prior to jeopardy attaching. Likewise, there
are no citations to authority for the proposition that a violation of a due course of law right
of a criminally accused can occur without any necessity of improper motive or bad faith. 
We are simply asked to assume bad faith on the part of the judge and to further assume
that if we do not reverse the judgment of the trial court and order the indictments dismissed
we will be setting the stage for judges to feel free to dismiss jury panels simply because
a panel might be perceived as more favorable to one party than the other. These are
assumptions that we cannot make. While it is true that courts in Texas have held that the
due course of law guarantee of the Texas Constitution may offer broader protection than
the due process guarantees of the United States Constitution, see Wright v. State, 640
S.W.2d 265, 269 n.12 (Tex.Crim.App. 1982), we have found nothing to indicate that Texas
would dispatch with a showing of bad faith or improper motive on the part of the trial judge. 
 In Texas, trial courts have broad discretion over jury selection. See Wright v. State, 28
S.W.3d 526, 533 (Tex.Crim.App. 2000). We do not feel the necessity to interfere with that
discretion. Appellant’s issue regarding a violation of his due course of law rights is
overruled.
Conclusion
          Having overruled appellant’s issues, the judgment of the trial court is affirmed.
 
                                                                           Mackey K. Hancock

                                                                                     Justice









Publish.