GERBER, J.
The state appeals the circuit court’s discharge of the defendant based on an alleged violation of the defendant’s right to a speedy trial. The state argues that the defendant’s right to a speedy trial was not violated. We agree with the state and reverse.
The record reveals the following time-line of material events, all of which occurred in 2009.
On September 15, the defendant, while incarcerated, delivered a notice of expiration of speedy trial to prison authorities for mailing to the circuit court.
On September 22, the parties appeared for a status hearing. During the hearing, the defendant brought to the circuit court’s attention that he delivered his notice of expiration of speedy trial to prison authorities for mailing on September 15. The in-court clerk checked the file and did not see the notice of expiration in the file. The court, however, announced that it received the notice in that day’s mail. The court immediately held a hearing on the notice. The defendant objected, arguing that the hearing was untimely because the hearing should have occurred no later than five days from the date he delivered the notice of expiration to prison authorities for mailing to the court. Despite the defendant’s objection, the court proceeded with the hearing. After some discussion, the court set the trial for September 28.
On September 23, the parties appeared for trial. After voir dire but before the jury was selected and sworn, the state moved to amend the information to clarify the identity of the alleged victim of one of the crimes charged. The defendant objected. The court first stated that it was going to deny the motion. The court then stated that it was going to take the motion under advisement until the next day. The state requested the court to rule on the motion before the jury was selected “or I have to nol-pros the case and refile it by tomorrow.” The court responded that it was going to select and swear the jury. The state then announced that it was nolle prossing the case.
On September 24, the state filed a new case with the amended information. Later that day, the defendant filed a motion for discharge in the original case. The motion argued that because the defendant delivered his notice of expiration to prison authorities for mailing on September 15, the court had to bring him to trial within ten days, that is, by September 25, or else the court had to discharge him.
On September 29, the court held a hearing on the motion for discharge. During the hearing, the defendant filed an amended motion for discharge in the original case. The amended motion argued that the defendant was entitled to a discharge because the court did not bring the defendant to trial by September 25, and because the state nolle prossed the original case to avoid the effect of the speedy trial rule. In response, the state argued that the court did not have to bring the defendant to trial until October 2, which was ten days after the September 22 hearing on the notice of expiration. The state also argued that it nolle prossed the case not to avoid the speedy trial rule, but because the court would not rule on the motion to amend the information until after the jury was sworn.
The court rejected the state’s arguments and discharged the defendant. The court gave two reasons for its decision. First, the court, citing Ryan v. State, 768 So.2d 19 (Fla. 3d DCA 2000), reasoned that the state could not nolle prosse the case during the recapture period and then re-file the case to avoid the speedy trial rule. Second, the court, without the benefit of a transcript, recalled the state saying at the *344 time of the nolle prosse that the recapture period expired on September 25. According to the court, “[A]s far as I’m concerned I’ll just accept your representation, that it expired on [September 25], and I’ll go with that.” The state contested the court’s recollection. However, the court proceeded with its order and discharged the defendant in the new case.
This appeal followed. The state argues that it was entitled to nolle prosse the case on September 23 and re-file the case with the amended information on September 24 because such action did not violate the speedy trial rule. According to the state, because the court held the hearing on the notice of expiration on September 22, the court had until October 2 to bring the defendant to trial. Our review of this argument is de novo. See State v. Nelson, 26 So.3d 570, 573-74 (Fla.2010) (interpretation of the rules of procedure with regard to the right to a speedy trial is a question of law subject to de novo review).
We agree with the state’s argument. “[Generally it is permissible for the State to refile charges it has nolle prossed, so long as it complies with the applicable statute of limitations and the speedy trial rule.” State v. Hurd, 739 So.2d 1226, 1228 (Fla. 2d DCA 1999). Here, the state complied with the speedy trial rule in four respects.
First, the state was correct in its response to the amended motion for discharge that the recapture period did not expire until October 2. The calculation of the recapture period is set forth in Florida Rule of Criminal Procedure 3.191(p)(3):
No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
Applying rule 3.191(p)(3) here, the defendant’s notice of expiration of speedy trial was filed on September 22 and the circuit court held the hearing on the notice on the same day. Therefore, the state had until October 2 to bring the defendant to trial. However, the court discharged the defendant on September 29. That discharge was in error. See State v. Valdez, 44 So.3d 184, 186 (Fla. 2d DCA 2010) (trial court erred in granting defendant’s motion for discharge because on the date the court did so, the recapture period had not expired).
Second, the state’s nolle prosse reasonably could not have misled the defendant into believing that the state had abandoned the charges. See Thompson v. State, 1 So.3d 1107, 1110 (Fla. 4th DCA 2009) (“In petitioner’s case, the state did not mislead him into believing the charges had been abandoned.”). The state said at the time of the nolle prosse that it intended to re-file the case with the amended information the next day. The next day, the state in fact did so.
Third, the state’s amended information did not include any new charge arising from the same criminal episode charged in the original information. See State v. D.A., 939 So.2d 149, 151 (Fla. 5th DCA 2006) (“[WJhere ... the state files an amended information after expiration of the speedy trial period, upon proper motion the court must dismiss any new charge arising from the same criminal episode ... charged in the original information.”) (citations omitted). Instead, the *345 amended information merely clarified the identity of the alleged victim of one of the crimes charged.
Fourth, there is nothing in the record suggesting that the state nolle prossed the case for an improper purpose amounting to a due process violation. Compare Hurd, 739 So.2d at 1228 (due process violation did not occur when the state nolle prossed the case before the jury was sworn because the state’s key witness failed to appear for trial pursuant to his subpoena) with State v. Goodman, 696 So.2d 940, 942 (Fla. 4th DCA 1997) (due process violation occurred when the state nolle prossed the case before the jury was sworn solely to avoid the selected jury). Rather, it appears from this record that the state nolle prossed the case for the legitimate purpose of amending the information to clarify the identity of the alleged victim of one of the crimes charged.
The circuit court’s error in this case appears to have arisen from two sources. First, the court misunderstood that the recapture period expired on September 25. Contrary to the circuit court’s recollection, the state never represented that the recapture period expired on September 25. Rather, after voir dire on September 28, the state requested the court to rule on the motion to amend before the jury was selected “or I have to nol-pros the case and refile it by tomorrow.” We construe the state’s remark as merely informing the court of the state’s intended course of action and not as a reference to the expiration of the recapture period.
Second, the circuit court’s reliance on Ryan was misplaced. In Ryan, the third district held that the defendant was entitled to discharge where the state nolle prossed the case during the recapture period and then re-filed the case after the recapture period expired. 768 So.2d at 20-21. Our sister court reasoned that the state was not permitted to circumvent the speedy trial rule by nolle prossing the case. See State v. Agee, 622 So.2d 473, 475 (Fla.1993) (to allow the state to unilaterally toll the running of the speedy trial period by entering a nolle prosse would eviscerate the rule). Here, however, the state refiled the case before the recapture period expired. As a result, the speedy trial period was never tolled. Thus, the court should have brought the defendant to trial on the amended information within the remaining three days before the recapture period expired. “To hold otherwise frustrates the purpose of the speedy trial rule, thereby rendering it a right to speedy discharge rather than a right to speedy trial.” Nelson, 26 So.3d at 579 (citation omitted).
In response to the state’s argument, the defendant contends that the hearing on his notice of expiration was untimely under rule 3.191(p)(3) because the hearing should have occurred no later than five days from the date he delivered the notice of expiration to prison authorities for mailing to the court. In support, the defendant cites Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), for the proposition that a prisoner’s filing occurs when the prisoner delivers his pleading to prison authorities for forwarding to the court. However, the defendant reads Houston too broadly. In Houston, the United States Supreme Court concluded that a habeas corpus petitioner’s notice of appeal is deemed filed when he delivers it to prison authorities for forwarding to the court. Id. at 270, 108 S.Ct. 2379. The Court did not conclude that every pleading which a prisoner delivers to prison authorities is deemed filed on that date.
We see a clear difference between Houston and this case. In Houston, the Court concluded that a defendant should not bear the risk of missing a filing dead *346 line if prison authorities do not timely forward the defendant’s filing to the court. See id. at 275, 108 S.Ct. 2379 (“[A] pro se prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk.”). In the instant situation, however, the state should not bear the risk of losing the recapture period if prison authorities do not timely forward the defendant’s notice of expiration of speedy trial to the court for filing.
Based on the foregoing, we remand for the circuit court to bring the defendant to trial on the amended information within three days of the issuance of our mandate. The state’s alternative argument for reversal is moot.

Reversed and remanded.

HAZOURI and CONNER, JJ., concur.