NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| STATE OF FLORIDA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2D16-2754 |
| | ) |
| TIMOTHY SCOTT HAMILTON, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Opinion filed February 22, 2017.

Petition for Writ of Certiorari to the Circuit
Court for the Tenth Judicial Circuit for Polk
County; sitting in its appellate capacity.

Pamela Jo Bondi, Attorney General,
Tallahassee, Elba Martin-Schomaker,
Assistant Attorney General, Tampa, and
Jerry Hill, State Attorney, and Victoria J.
Avalon, Assistant State Attorney, Bartow,
for Petitioner.

Ita M. Neymotin, Regional Counsel, and
Joseph Thye Sexton, Assistant Regional
Counsel, Bartow, for Respondent.


ROTHSTEIN-YOUAKIM, Judge.

The State seeks second-tier certiorari review of the circuit court's order

granting Defendant Timothy Scott Hamilton's petition for writ of prohibition and ordering

the county court to dismiss the charge against Mr. Hamilton for refusing to submit to a

breath, blood, or urine test. The circuit court ruled that the county court should have granted Mr. Hamilton's motion to dismiss because, under Florida Rule of Criminal Procedure 3.151, the offense underlying the refusal charge was related to the offense underlying a DUI charge of which he had been acquitted one day before the State had filed the information on the refusal charge. We grant the State's petition and quash the circuit court's order because the circuit court ignored well-established case law holding that prohibition is available only to prevent a lower tribunal's unauthorized exercise of jurisdiction.[1]

## Background

A Polk County Sheriff's deputy arrested Mr. Hamilton for driving under the influence. At the Polk County jail, Mr. Hamilton twice refused to provide a breath sample, the second time occurring after the deputy had read him the statutory implied-consent warning. The State charged Mr. Hamilton with DUI (two prior convictions), see § 316.193(1)(a), (2)(b)(2), Fla. Stat. (2011), but a county court jury found Mr. Hamilton not guilty. The following day, the State charged Mr. Hamilton with refusing to submit to a breath test. See § 316.1939(1). Mr. Hamilton moved to dismiss the refusal charge pursuant to rule 3.151(c), arguing that the offenses underlying the refusal charge and the DUI charge were related[2] and that the State's prosecution of the DUI demonstrated

---

[1]The State also argues that even if prohibition were an available remedy, certiorari relief would still be warranted because the refusal and DUI are not "related" offenses under rule 3.151(a). Because we conclude that prohibition was not available, we do not reach the merits of this alternative argument or of Mr. Hamilton's rule 3.151 motion.

[2]"For purposes of these rules, 2 or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on 2 or more connected acts or transactions." Fla. R. Crim. P. 3.151(a).

that it would have been able, by due diligence, to obtain sufficient evidence to warrant charging the refusal. The county court denied the motion.

Mr. Hamilton petitioned for a writ of prohibition and requested the circuit court to bar prosecution on the refusal charge either pursuant to rule 3.151, or, alternatively, because it would constitute double jeopardy. The circuit court rejected Mr. Hamilton's double-jeopardy argument but granted the petition based on its conclusion that the DUI and the refusal were related offenses under rule 3.151(a). The circuit court, however, did not address the threshold question of whether prohibition was available to preclude prosecution under rule 3.151(c).

### Discussion

A second-tier petition for writ of certiorari is the appropriate vehicle to review a circuit court's order on a petition for writ of prohibition. See Sutton v. State, 975 So. 2d 1073, 1080-81 (Fla. 2008). This court's review is limited to whether the circuit court afforded the petitioner procedural due process and whether it departed from the essential requirements of law. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010). Such a departure must be more than simple legal error, because second-tier certiorari relief is available only "when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice." Id. This "clearly established law" can include constitutional law, statutes, rules of court, and recent controlling case law that deals "with the same issue of law, an interpretation or application of a statute, a procedural rule, or a constitutional provision." Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla. 2003).

- 3 -

The writ of prohibition is an extraordinary remedy that "may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction." English v. McCrary, 348 So. 2d 293, 296 (Fla. 1977); see also Taylor v. State, 65 So. 3d 531, 533 (Fla. 1st DCA 2011) ("Prohibition is an extraordinary remedy that [is] used to restrain the unlawful use of judicial power."). The writ is available, for example, to prevent prosecutions that the trial court lacks jurisdiction to entertain based on double jeopardy or speedy trial considerations. See, e.g., Sherrod v. Franza, 427 So. 2d 161, 163 (Fla. 1983) ("Prohibition is an appropriate remedy to prohibit trial court proceedings where an accused has been denied his right to a speedy trial and his motion for discharge has been denied. A court does not have jurisdiction to try a defendant when he is entitled to discharge on the ground of double jeopardy or collateral estoppel, or if he is entitled to a discharge because of a violation of his immunity from prosecution or his right to a speedy trial." (internal citation omitted)); Moody v. State, 931 So. 2d 177 (Fla. 2d DCA 2006) (granting writ to prevent retrial on charges on which defendant already had been acquitted because retrial would violate Double Jeopardy Clause); State ex rel. Wilhoit v. Wells, 356 So. 2d 817, 821-22, 825 (Fla. 1st DCA 1978) (granting writ to prevent trial on charges to which defendant had already pled nolo contendere because trial would violate double jeopardy clause).

In this case, however, after rejecting the merits of Mr. Hamilton's double-jeopardy argument, the circuit court addressed the merits of his rule 3.151 argument without first considering whether rule 3.151 implicates the county court's jurisdiction to entertain his prosecution on the refusal charge. And, in short, it does not. See Von Deck v. Evander, 622 So. 2d 1160, 1162 (Fla. 5th DCA 1993) ("Rule 3.151(c) provides

- 4 -

for dismissal of related offenses not consolidated for trial; however, this procedural rule does not invoke double jeopardy concerns. . . . An allegedly erroneous denial of a rule 3.151(c) motion to dismiss does not affect the trial court's subject matter jurisdiction as does the erroneous denial of a motion to dismiss based on double jeopardy grounds."); see also State v. Mateen, 678 So. 2d 449, 451 (Fla. 2d DCA 1996) ("Unlike the Blockburger[ v. United States, 284 U.S. 299 (1932)] test, rule 3.151(b) defines related offenses as those that may be tried in the same court and those that are based on the same act or transaction or two or more connected acts or transactions. This rule is separate and distinct from the doctrine of double jeopardy." (internal citation omitted)). In failing to address the threshold question of whether the extraordinary remedy of prohibition was even available, the circuit court violated a clearly established principle of law. See Custer, 62 So. 3d at 1092-93.

Furthermore, this violation resulted in a miscarriage of justice. See id. First, the erroneous grant of prohibition impermissibly infringed on the county court's lawful exercise of its jurisdiction, as defined by statute pursuant to article V, section 6(b), of the Florida Constitution. See § 34.01(1)(a), Fla. Stat. (2013) (vesting county courts with original jurisdiction over "all misdemeanor cases not cognizable by the circuit courts"). Moreover, it wholly negated the State's ability to proceed with its prosecution and left the State with no other avenue for review. Cf. State v. Roess, 451 So. 2d 879, 880 (Fla. 2d DCA 1984) (denying state's petition for second-tier certiorari review of circuit court's order reversing criminal defendant's conviction and ordering a new trial because "respondent has not been exonerated of criminal wrongdoing" and "state has not been deprived of its day in court").

## Conclusion

Based on the foregoing, we grant the State's petition for writ of certiorari and quash the circuit court's order granting Mr. Hamilton's petition for writ of prohibition.

Petition granted; order quashed.


NORTHCUTT and LUCAS, JJ., Concur.