DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**NATHAN ANDREW PIERING,**
Appellee.

No. 4D21-350

[September 1, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Robert F. Diaz, Judge; L.T. Case Nos. 19-003508MU10A and 19-46AC10A.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellant.

Jason T. Forman of Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

The state appeals the trial court's order granting the defendant's motion to dismiss the information, which was refiled following an announcement of nolle prosequi, based on a finding that the nolle pros was entered for an improper purpose. We reverse.

Prior to a hearing on a motion to suppress, the state moved for a second continuance based on its contention that its key witness, a police officer under subpoena, represented that she would not appear at the hearing because she was required to perform equipment maintenance that day. The trial court denied the continuance, and at the suppression hearing, the state announced that it was entering a nolle prosequi.

One week later, the state refiled the charges against the defendant. The defendant moved to dismiss the refiled charges, contending that the charges violated double jeopardy and his due process rights, since the state used the nolle pros in bad faith and to gain an unfair advantage by entering it just prior to the trial court's likely granting of the dispositive

motion to suppress. The trial court granted the motion, finding that the nolle pros was entered for an improper purpose.

Where the trial court dismisses refiled charges based on alleged impropriety by the state, the standard of review is abuse of discretion. *See State v. Kahmke*, 468 So. 2d 284, 285 (Fla. 1st DCA 1985).

"[G]enerally it is permissible for the State to refile charges it has nolle prossed, so long as it complies with the applicable statute of limitations and the speedy trial rule." *State v. Montgomery*, 68 So. 3d 342, 344 (Fla. 4th DCA 2011) (alteration in original) (quoting *State v. Hurd*, 739 So. 2d 1226, 1228 (Fla. 2d DCA 1999)). "[T]he decision to nolle pros is within the state's discretion and . . . a nolle pros may be filed any time before the jury has been sworn or evidence has been presented." *Fassi v. State*, 591 So. 2d 977, 981 (Fla. 5th DCA 1991).

"The validity of [an] alleged due process violation depends on whether the State's action was motivated by an improper purpose and whether [the defendant] suffered any prejudice." *Hurd*, 739 So. 2d at 1228. Improper purposes have been found to include the state's nolle pros of a case after jury selection but before the jury was sworn to avoid the trial court's adverse ruling on a juror challenge. *State v. Goodman*, 696 So. 2d 940, 942-43 (Fla. 4th DCA 1997).

Conversely, albeit in a slightly different context, this court has expressly approved of a prosecutor entering a nolle pros after denial of a motion to continue for the purpose of avoiding dismissal. In *State v. Ottrock*, 573 So. 2d 169, 169 (Fla. 4th DCA 1991), we reversed an order dismissing the charge against the defendant for lack of prosecution, which was entered following the victim's failure to appear at trial, and we explained that dismissal is an "action of last resort" and that the trial court could have "issued a show cause order to require the victim's appearance. The state then could have either gone to trial with what it had *or entered a nolle prosequi to the charges, thus retaining the right to refile at some later time*." (Emphasis added.)

*Hurd* is instructive to the case at hand. There, after a jury was selected but not yet sworn, the prosecutor moved for a continuance after its key witness - an officer who acted as an undercover agent - failed to appear for trial pursuant to a subpoena. 739 So. 2d at 1227. The motion was denied, and the state announced a nolle pros and then refiled the same charges two weeks later. *Id.* Hurd moved to dismiss, "alleging a due process violation and contending that the state nolle prossed and refiled solely to

2

avoid the trial court's order denying the motion to continue," and the trial court granted the motion. *Id.*

On appeal, the Second District reversed, explaining that it "need not reach the issue of whether Hurd has shown prejudice by the discharge of the first unsworn jury panel because . . . there was no showing that the State's action was motivated by an improper purpose." *Id.* at 1228. It further explained, "[T]he State entered the nolle prosse due to the unexplained absence of an indispensable witness. On this record, there is no indication of an improper purpose that would give rise to a due process violation." *Id.*; *see also Kahmke,* 468 So. 2d at 285 (where key witnesses were unavailable and trial court denied one-week continuance, trial court abused its discretion by dismissing refiled information).

Likewise, here, we reverse and remand because the record does not support a finding that the state's action was motivated by an improper purpose. The state entered the nolle pros due to the absence of an indispensable witness, and it refiled the charges only seven days later. The police officer was under subpoena, and nothing indicates that the officer's disregard of the subpoena was motivated by the state's misconduct. Accordingly, nothing indicates that the state had an improper purpose in entering the nolle pros, and the trial court erred by granting the motion to dismiss.

*Reversed and remanded.*

CIKLIN, GERBER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**