PER CURIAM.
Upon review of the briefs, record on appeal and oral argument we are of the opinion that the factual circumstances reflect that the state failed to accord defendant a speedy trial thereby entitling him to a discharge as a matter of right. See Rule 3.191(a)(1). Fla.R.Crim.P, More than 180 days had elapsed since defendant was taken into custody as a result of the conduct of the criminal episode giving rise to the crime charged. Boatman v. State, 306 So.2d 592 (Fla.2d DCA 1975); Benton v. State, 307 So.2d 198 (Fla.2d DCA 1975). See also State v. Benton, Fla.Sup.Ct., 337 So.2d 797, opinion filed Sept. 16, 1976. Moreover, the speedy trial period had run before any discovery demands had been made so that the efficacy of such discovery need not have been considered in so far as any question of “waiver” is concerned. Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1974). Accordingly, the judgment and sentence appealed from is reversed with direction that appellant be released and forever discharged from further response to the charges herein.
REVERSED, with directions.
MAGER, C. J., CROSS, J., and SMITH, LARRY G., Associate Judge, concur.