376 So.2d 45 (1979)
Raymond Anthony LLANUSA, Petitioner,
v.
Honorable Hugh S. GLICKSTEIN, As Judge of the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Respondent.
No. 79-1849.
District Court of Appeal of Florida, Fourth District.
October 24, 1979.
Alan H. Schreiber, Public Defender, and Bruce L. Roistacher, Asst. Public Defender, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Marc E. Kirk, Asst. Atty. Gen., West Palm Beach, for respondent.
*46 MOORE, Judge.
Upon the filing of a petition for writ of prohibition we issued an order to show cause. This cause is now before us upon the petition, the response to our order to show cause and petitioner's response.
Petitioner was charged by information with possession of an unlawfully issued drivers license. After the expiration of 180 days the petitioner moved for discharge pursuant to Fla.R.Crim.P. 3.191(a)(1). The motion for discharge was denied; thus, petitioner seeks our writ of prohibition.
Admitting that the speedy trial time had expired, the respondent, nevertheless, argues that subsequent to the expiration of 180 days, the petitioner moved for a continuance and thereby waived his right to a speedy trial. We disagree.
Petitioner was arrested on March 1, 1978 and should have been brought to trial on or before August 27, 1978. On September 5, after the expiration of 180 days, the State notified the petitioner of an additional witness to be used against him. Without consideration of his right to discharge, the petitioner sought a continuance for the purpose of additional discovery as a result of the new witness. The continuance was granted and trial was ultimately scheduled for April 2, 1979. On March 23, 1979, petitioner filed his motion for discharge which was denied.
With the exception of the motion for continuance filed by the petitioner, the record fails to reflect that petitioner was not continuously available for trial during the initial 180 day period. Moreover, the speedy trial period had expired prior to petitioner's request for continuance. In White v. State, 338 So.2d 256 (Fla. 4th DCA 1976), we held that it was not necessary to consider "waiver" where discovery was commenced after the speedy trial period had run. We therefore find that it is not necessary to consider the effect of petitioner's motion for continuance filed subsequent to the expiration of the speedy trial period.
Absent a proper extension of time within which a defendant must be brought to trial or a justifiable excuse under the terms of Fla.R.Crim.P. 3.191 why trial was not commenced within 180 days, the trial court lacks jurisdiction to try the petitioner. State ex rel. Neville v. Goodman, 254 So.2d 55 (Fla. 3rd DCA 1971). Having lost jurisdiction, the subsequent motion for continuance would have no effect.
It is therefore ordered that a peremptory writ of prohibition issue and the petitioner shall be released and forever discharged from further response to the charges herein.
ANSTEAD and LETTS, JJ., concur.