768 So.2d 19 (2000)
Paul Eugene RYAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-350.
District Court of Appeal of Florida, Third District.
July 26, 2000.
Rehearing Denied October 11, 2000.
*20 Thomas W. Risavy, South Miami, for appellant.
Robert A. Butterworth, Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before GODERICH, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Paul Ryan appeals the circuit court's denial of his petition for writ of prohibition. We reverse.
Ryan was arrested on December 12, 1998, for misdemeanor battery; the state failed to bring him to trial during the 90-day speedy trial period. On the 101st day after his arrest, at the sounding, Ryan requested a continuance which was granted by the trial court. Shortly thereafter, Ryan filed a notice of expiration of the 90-day speedy trial period. Following a hearing, the trial court set the case for trial during the recapture period. On the day of trial, the state entered a nolle prosequi to the charged crime. Four months later, the state filed an information based on the same criminal conduct. The court denied Ryan's motion for discharge. The circuit court denied Ryan's petition for writ of prohibition.
Defendant's motion for discharge was well taken.[1] Although Ryan was continuously available for trial during the speedy trial period, the state failed to bring him to trial during that period or during the recapture period; instead, the state nol prossed the case on the day of trial. Under these circumstances, defendant was entitled to discharge: "A defendant not brought to trial within the [recapture] period through no fault of the defendant, on motion of the defendant, or the court, shall be forever discharged from the crime." Fla. R.Crim. P. 3.191(p). See Mercer v. Musleh, 682 So.2d 570 (Fla. 5th DCA 1996); Rivas v. Oppenborn, 605 So.2d 516 (Fla. 3d DCA 1992)(absent waiver defendant entitled to discharge where the speedy trial time including the 15-day window had lapsed without defendant being brought to trial). Defendant's request for a continuance does not mandate a different result, where, as here, defendant sought the continuance after the speedy trial period had expired and before filing his discharge motion. See State v. Leslie, 699 So.2d 832 (Fla. 3d DCA 1997); Muller v. State, 387 So.2d 1037 (Fla. 3d DCA 1980). Cf. Stewart v. State, 491 So.2d 271, 272 (Fla. 1986)(when a defendant requests a continuance before expiration of the "applicable speedy trial time period" for the charged crime, defendant waives speedy trial rights for all charges arising from that episode); Fla. R.Crim. P. 3.191(k)("A person who has not been available for trial during the term provided for herein is not entitled to be discharged.")(emphasis added).
Finally, the state is precluded from trying defendant on the new information filed several months after expiration of the speedy trial period. The state is not permitted to circumvent the speedy trial rule by nol prossing the charge and subsequently filing a new information based on *21 the same criminal episode. See Fla. R.Crim. P. 3.191(o); State v. Agee, 622 So.2d 473 (Fla.1993). Accordingly, we reverse the order denying the petition and remand the cause to the circuit court to grant the writ of prohibition and to discharge defendant.
Reversed and remanded.
NOTES
[1] The state's contention that defendant was not arrested on December 12 is without merit. The record reveals that defendant was arrested and released when he signed a promise to appear. See Kearse v. State, 662 So.2d 677 (Fla.1995); Brown v. State, 515 So.2d 211 (Fla.1987); Williams v. State, 757 So.2d 597 (Fla. 5th DCA 2000).