785 So.2d 1219 (2001)
Gene ATKINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D01-582.
District Court of Appeal of Florida, Fourth District.
May 16, 2001.
*1220 Fred Haddad of Haddad & Hester, P.A., Fort Lauderdale, for petitioner.
No response required for respondent.
PER CURIAM.
Gene Atkins seeks a writ of prohibition, barring the trial court from proceeding further in a felony prosecution because of his allegation the speedy trial period prescribed in Florida Rule of Criminal Procedure 3.191(a) has expired. Atkins was originally charged in case number 98-10089 CF10A with solicitation to commit aggravated battery, following his arrest on May 15, 1998. This information was superseded by a re-filed information, case number 99-19830 CF10A, filed on November 2, 1999, charging the same solicitation, as well as attempted murder, arson, and possession of a firebomb. The new charges arose from the same incident which formed the basis for the 1998 solicitation charge.
In 2000, Atkins' attorney filed a motion to dismiss raising the speedy trial claim, the denial of which led to this petition. We deny the petition. Because Atkins moved for a defense continuance on November 5, 1998, during the pendency of the earlier-filed information, that continuance constituted a waiver of his speedy trial rights. See Stewart v. State, 491 So.2d 271 (Fla.1986). Further, any express waiver of speedy trial, whether by defense motion to continue or otherwise, stands as an ongoing waiver as to any newly filed information arising out of the same incident. Morris v. State, 715 So.2d 1177 (Fla. 4th DCA 1998). This is true whether the new charges are less serious or more serious than the previously filed charges. Compare Stewart with Morris.
Once a waiver of speedy trial rights has occurred, a defendant may "start the clock running again" by invoking a demand for speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(b). That was not done here, and Atkins was therefore not entitled to a dismissal, as the speedy trial requirement had been waived.
PETITION DENIED.
POLEN, FARMER and SHAHOOD, JJ., concur.