PER CURIAM.
 

 This case is before the Court for review of the decision of the Fourth District Court of Appeal in
 
 Nelson v. State,
 
 993 So.2cl 1072 (Fla. 4th DCA 2008), in which the district court certified the following question of great public importance:
 

 Does a motion for continuance made after the expiration of the speedy trial period but before a defendant files a notice of expiration under the rule, which activates the right of recapture
 
 *572
 
 period, waive a defendant’s speedy trial rights under the rule?
 

 Id.
 
 at 1077. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative. When the State is entitled to the recapture period, a continuance that is chargeable to the defense and made
 
 after
 
 the expiration of the speedy trial period but
 
 before
 
 a defendant files a notice of expiration waives a defendant’s speedy trial rights under the default period of the rule. Accordingly, we quash the decision of the Fourth District and remand for further proceedings consistent with this decision.
 

 I. BACKGROUND
 

 As a juvenile, Andrew Nelson was arrested on May 16, 2007, for armed burglary and carrying a concealed weapon.
 
 See Nelson,
 
 993 So.2d at 1074. Both the ninety-day juvenile and 175-day adult speedy-trial periods began to run from the date of Nelson’s arrest.
 
 See id.
 
 In June 2007, before the expiration of either of these speedy-trial periods, the State filed a petition for delinquency that charged Nelson with grand theft and carrying a concealed firearm.
 
 See id.
 
 However, the case was not scheduled for an adjudicatory hearing before the juvenile speedy-trial period expired. On August 15, 2007, within days of the expiration of the period, the trial court conducted a hearing.
 
 See id.
 
 During this hearing, the defense requested a continuance to participate in discovery.
 
 See id.
 

 Time passed without either the trial court conducting an adjudicatory hearing or Nelson invoking his speedy trial rights. In November 2007, a few days after the adult speedy trial period expired, the State direct-filed an information in felony court that charged Nelson with one count of armed burglary of a dwelling and twelve counts of grand theft of various firearms.
 
 See id.
 
 Thereafter, the State filed a nolle prosequi of the juvenile petition and filed another felony information charging the same counts as those contained in the juvenile petition.
 
 See id.
 

 Later, in early March 2008, Nelson filed motions for discharge in both felony cases.
 
 See id.
 
 The trial court considered these motions and denied them based on a determination that the defense continuance, which was requested and taken
 
 after
 
 the expiration of the speedy trial time in the juvenile case but before the filing of a notice of expiration under the rule, waived the speedy trial time for all charges arising from the same criminal episode.
 
 See id.
 
 After the tidal court denied the motions, it attempted to schedule trial dates within the ten-day recapture period. However, Nelson again requested a continuance in both cases, and specifically acknowledged that the continuances constituted a waiver of his speedy trial rights. The trial court granted the continuances, but charged one to the State because it had failed to provide Nelson with discovery.
 

 From
 
 the
 
 orders denying the motions for discharge, Nelson filed petitions for writ of prohibition in the Fourth District that sought to prevent further prosecution in each felony case.
 
 See id.
 
 The district court granted both petitions based on its interpretation of the nullity rule, which would deem any request for a continuance after the expiration of the speedy-trial period void and inoperative as a waiver of the right to a speedy trial when the State is otherwise barred from further prosecution.
 
 See id.
 
 at 1074-75. Specifically, the district court held that a defense continuance taken
 
 after
 
 the expiration
 
 of
 
 the default speedy trial period but before the defendant moves for discharge does not affect a defendant’s right to demand his speedy trial rights.
 
 See id.
 
 at 1074. In the view of the district court, the post-expiration
 
 *573
 
 request for a continuance in the juvenile proceeding did not operate as a waiver of Nelson’s speedy trial rights, and did not toll the running of the speedy-trial period.
 
 See id.
 
 at 1075.
 

 After determining that the request for a continuance did not operate as a waiver, the Fourth District analyzed the effect of the State filing the adult charges after the expiration of the adult speedy-trial period. In both cases, the district court determined that the State was not entitled to the recapture period, and Nelson was therefore entitled to discharge of all charges.
 
 See id.
 

 On rehearing, the State asserted that this Court’s decision in
 
 State v. Naveira,
 
 873 So.2d 300 (Fla.2004), stood for the principle that any post-expiration continuance requested by a defendant waives all rights under the speedy trial rule.
 
 See id.
 
 at 1076. In
 
 Naveira,
 
 we held that a defendant’s right to a speedy trial under Florida Rule of Criminal Procedure 3.191 was not violated where a defendant invoked the speedy trial rule through a notice of expiration, a trial was scheduled as provided in the rule’s recapture provisions, and the only reason the trial was not held according to the recapture provision was the defendant’s own motion for a continuance.
 
 See Naveira,
 
 873 So.2d at 310.
 

 The Fourth District denied the State’s motion and issued an amended opinion which included a narrow reading of
 
 Na-veira.
 
 The district court distinguished
 
 Naveira
 
 because Nelson had
 
 not
 
 invoked the recapture period through the filing of a notice of expiration.
 
 See Nelson,
 
 993 So.2d at 1076. In the view of the district court, Nelson was not unavailable for trial during the term provided by the rule (i.e., the ninety-day juvenile speedy trial term and the recapture period), and had not requested a continuance after invocation of the rule-based speedy trial rights, which would have constituted a waiver under
 
 Naveira. See Nelson
 
 (citing
 
 State v. Gilliam,
 
 884 So.2d 128 (Fla. 2d DCA 2004)). Thus, the Fourth District maintained its conclusion that the post-expiration continuance did not waive Nelson’s speedy trial rights.
 
 See id.
 

 The district court then attempted to harmonize
 
 Naveira
 
 with
 
 Stewart v. State,
 
 491 So.2d 271 (Fla.1986), which held that “when a defendant requests a continuance prior to the expiration of the applicable speedy trial time period for the crime with which he is charged, the defendant waives his speedy trial right as to all charges which emanate from the same criminal episode.”
 
 Stewart,
 
 491 So.2d at 272. To do so, the Fourth District held that a motion for continuance is a nullity when filed
 
 after
 
 the speedy trial period has expired but
 
 before
 
 the notice of expiration invokes the State’s right of recapture.
 
 See Nelson,
 
 993 So.2d at 1077. In addition, the Fourth District certified the aforementioned question of great public importance to this Court, and the State invoked this Court’s discretionary jurisdiction to answer that certified question.
 
 See id.
 

 II. ANALYSIS
 

 The certified question presented requires us to determine the effect of a post-expiration defense continuance on the procedural provisions of the speedy trial rule.
 
 [1]
 
 It involves the interpretation of the
 
 *574
 
 rales of procedure with regard to the right to a speedy trial and is therefore a question of law subject to de novo review by this Court.
 
 See Saia Motor Freight Line, Inc. v. Reid,
 
 930 So.2d 598, 599 (Fla.2006). We conclude that the decision of the Fourth District misapprehends the procedures under the current speedy trial rule and, in particular, the impact of the State’s right to a recapture period on the nullity principle.
 

 The Purpose and Operation of the Speedy Trial Rule
 

 As expressly guaranteed by both the state and federal constitutions and the Florida Rules of Criminal Procedure, a criminal defendant possesses the right to a speedy and public trial.
 
 See
 
 U.S. Const, amend VI; art. I, § 16(a), Fla. Const.; Fla. R.Crim. P. 3.191; Fla. R. Juv. P. 8.090. Pursuant to Florida Rule of Criminal Procedure 3.191(a), all defendants are entitled to be brought to trial within a specific period prescribed by the rule without demanding the right to speedy trial. The issue before this Court involves the procedures related to the default period in this rule, which is 175 days in adult proceedings and ninety days in juvenile proceedings.
 

 Although all defendants are entitled to the benefit of the default rule, the rule is not self-executing and requires a defendant to take affirmative action to avail him- or herself of the remedies afforded under the rule based on the State’s failure to comply with the time limitations.
 
 See State v. Clifton,
 
 905 So.2d 172, 175 (Fla. 5th DCA 2005) (citing
 
 State v. Gibson,
 
 783 So.2d 1155, 1158 (Fla. 5th DCA 2001)). When a defendant is charged within the speedy trial period, the remedy for a violation of the rale is
 
 not
 
 an automatic discharge. Rather, the remedy for the State’s failure to try a defendant within the specified time is provided for in Florida Rule of Procedure 3.191(p).
 
 See
 
 Fla. R.Crim. P. 3.191(p);
 
 see also
 
 Fla. R.Crim. P. 3.191 committee notes (1984);
 
 Fla. Bar re Amendment to Rules
 
 — -Crimi
 
 nal Procedure,
 
 462 So.2d 386, 388 (Fla. 1984).
 

 Specifically, at any time
 
 after
 
 the expiration of the speedy trial period, the defendant may initiate application of the rule by filing and serving on the State a separate pleading entitled “Notice of Expiration of Speedy Trial Time.” This pleading invokes the defendant’s speedy trial rights and triggers the recapture window, which is an additional ten-day period for the State to bring the defendant to trial after the default speedy trial period expires.
 
 See
 
 Fla. R.Crim. P. 3.191(a), (p)(2)-(3). The recapture provision requires the trial court to hold a hearing within five days of the filing of the notice to determine whether any of the exceptions enumerated in rule 3.191(j) exist.
 
 See id.
 
 3.191(p)(3). A defendant is not entitled to discharge until the trial court conducts the required inquiry under subdivision (j) of rule 3.191.
 
 See
 
 Fla. R.Crim. P. 3.191(p)(l). This provision advances the four exceptions that require a motion for discharge to be denied, which include the unavailability of the defendant and when the failure to hold trial is attributable to the accused.
 
 See
 
 Fla. R.Crim. P. 3.191(j)(2)-(3). Unavailability includes circumstances where either the defendant or defense counsel is
 
 *575
 
 not ready for trial on the date it is scheduled.
 

 If none of the exceptions exist, the trial court must order that the defendant be brought to trial within the ten-day recapture period.
 
 See id.
 
 This allows the State an additional opportunity to prosecute the defendant after the expiration of the speedy trial period. If the State fails to bring the defendant to trial within the recapture period
 
 and
 
 none of the exceptions exists, the defendant “shall be forever discharged from the crime.” Fla. R.Crim. P. 3.191(n), (p)(3).
 

 Similarly, the Rules of Juvenile Procedure provide a right to a speedy trial with procedures analogous to the adult speedy trial rule. Florida Rule of Juvenile Procedure 8.090 provides that a juvenile charged by petition with committing a delinquent act “shall be brought to an adjudicatory hearing without demand within 90 days” of the “date the child was taken into custody” or the “date of service of the summons that is issued when the petition is filed,” whichever is earlier. Fla. R. Juv. P. 8.090(a). This rule also includes a recapture provision that mirrors its adult counterpart.
 
 See
 
 Fla. R. Juv. P. 8.090(m). If an adjudicatory hearing has not commenced within ninety days of the dates provided in rule 8.090(a), the juvenile may file a motion for discharge, which operates as a notice of expiration would in an adult proceeding.
 
 See
 
 Fla. R. Juv. P. 8.090(b).
 

 Similar to the adult rule, the trial court must conduct an inquiry to determine whether the exceptions to discharge listed in rule 8.090(d) exist. The exceptions relevant to the certified question include when (1) “[t]he child has voluntary waived the right to speedy trial”; (2) “[t]he failure to hold an adjudicatory hearing is attributable to the child ... or [his or her] counsel”; and (3) “[t]he child was unavailable for the adjudicatory hearing.” Fla. R. Juv. P. 8.090(d)(1), (3)-(4). If none of these exceptions exist and the State fails to commence the adjudicatory hearing within the recapture period, the juvenile is entitled to dismissal of the petition. Dismissal functions in the same manner as the adult rule in that it bars prosecution of the delinquent act charged and all other offenses that arise from the same criminal episode.
 
 See
 
 Fla. R. Juv. P. 8.090(k).
 

 As demonstrated by these provisions, a defendant is not automatically entitled to discharge based on the State’s failure to meet the mandated time limit, and the State is generally entitled to the recapture period provided for by rules 3.191(p)(3) and 8.090(m)(3). However, when the rule was promulgated in 1971, the State was
 
 not
 
 afforded the benefit of a recapture period. If the default period expired, the defendant was generally entitled to automatic discharge upon motion, provided that the defendant was continuously available for trial and an extension of time had not been ordered.
 
 See generally In re Fla. Rules of Crim. Pro.,
 
 245 So.2d 33, 36 (Fla.1971). In addition, some courts held that the trial court lost jurisdiction over the defendant at the expiration of the speedy trial period under the provisions of the earlier rule.
 
 See Llanusa v. Glickstein,
 
 376 So.2d 45, 46 (Fla. 4th DCA 1979).
 

 In 1984, the rule was amended to repeal the remedy of automatic discharge and to create the recapture period, as demonstrated by the committee notes to the amendment.
 
 *576
 
 Fla. R.Crim. P. 3.191 committee notes (1984) (emphasis supplied);
 
 Fla. Bar re Amendment to Rides
 
 — Criminal
 
 Procedure,
 
 462 So.2d 386, 388 (Fla.1984). The creation of the recapture period emphasizes the purpose of the rule — “to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial.”
 
 Lewis v. State,
 
 357 So.2d 725, 727 (Fla.1978). In other words, the recapture period illustrates the principle that a defendant has a right to speedy trial, not a right to speedy discharge without trial.
 
 Cf. State v. Thomas,
 
 659 So.2d 1322, 1324 (Fla. 3d DCA 1995).
 

 
 *575
 
 The intent of [the amendment] is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge.... [I]t gives the system a chance to
 
 remedy a mistake;
 
 it does not permit the system to forget about the time constraints.
 

 
 *576
 
 The procedures provided in the default rule are premised on the assumption that the defendant has not previously waived the right to speedy trial. Therefore, we must next consider the effect of pre- and post-expiration waiver to determine the purpose and application of the nullity principle.
 

 The Effect of Waiver on the Prescribed Default Period
 

 As with other rights that constitute a personal privilege, a defendant may waive his or her right to a speedy trial, after which the defendant may not assert the statutory right to be tried within the default period. Likewise, a juvenile charged by petition with committing a delinquent act may waive his or her right to a speedy hearing. A defendant waives his or her right to speedy trial by being unavailable for trial or by taking actions that render the failure to hold a trial attributable to the accused.
 
 See
 
 Fla. R.Crim. P. 3.191(j)(2). In addition to these circumstances, a juvenile may voluntarily waive his or her speedy trial rights.
 
 See
 
 Fla. R. Juv. P. 8.090(d)(1).
 

 Consequently, waiver is presumed when a defendant is granted a requested continuance because this action causes a delay in the prosecution that is attributable to the defendant and demonstrates that the defendant is not available for trial.
 
 See
 
 Fla. R.Crim. P. 3.191(j)(3);
 
 see also State ex rel. Butler v. Cullen,
 
 253 So.2d 861, 863 (Fla.1971) (“When the [defense] continuance was granted, the time limitations in the rule were no longer applicable and the Court had the right and authority to set the case for trial within a reasonable time.”). This waiver is construed as an ongoing waiver of speedy trial rights as to
 
 all charges
 
 which emanate from the same criminal episode, including any newly filed charges arising out of the incident.
 
 See Stewart v. State,
 
 491 So.2d 271, 272 (Fla.1986);
 
 Atkins v. State,
 
 785 So.2d 1219, 1220 (Fla. 4th DCA 2001);
 
 Morris v. State,
 
 715 So.2d 1177, 1178-79 (Fla. 4th DCA 1998). Here, the parties concede that the post-expiration continuance in the juvenile proceeding is the dispositive issue in reviewing the viability of the adult charges, which were filed after the expiration of both the juvenile and adult speedy-trial periods. If the continuance is considered a nullity rather than a waiver, the State filed both of the adult charges after the speedy trial period expired, and Nelson would be entitled to seek discharge of all charges. If the continuance constitutes a waiver, the State is entitled to bring Nelson to trial through the recapture period if no other exceptions apply.
 

 When analyzing whether a defendant’s actions constituted a waiver of speedy trial rights, courts have distinguished between pre- and post-expiration continuances. It is clear that a pre-expiration continuance operates as a waiver, as this Court articulated in
 
 StewaH:
 
 “[W]hen a defendant requests a continuance prior to the expiration of the applicable speedy
 
 *577
 
 trial time period for the crime with which he is charged, the defendant waives his speedy trial right as to all charges which emanate from the same criminal episode.” 491 So.2d at 272. The
 
 Stewart
 
 decision still presents the correct principle of law for pre-expiration continuances. Although the Fourth District narrowly read this principle to limit waiver to pre-expiration continuances, the certified question in
 
 Stewart
 
 did not request the Court to consider the effect of post-expiration waivers.
 
 [2]
 
 Therefore,
 
 Stewart
 
 is not dispositive because it did not address the issue before the Court today.
 

 In contrast to the clear rule applied to pre-expiration continuances, some courts have treated post-expiration continuances as a nullity. A nullity is defined as something that is legally void.
 
 See Black’s Law Dictionary
 
 1173 (9th ed.2009). Prior to the 1984 amendments to the rule, a series of decisions established that a defense continuance taken after the expiration of the period was considered a “nullity” because the defendant was entitled to automatic discharge based on the trial court’s lack of jurisdiction over the proceeding. For example, in
 
 White v. State,
 
 338 So.2d 256 (Fla. 4th DCA 1976), the district court held that it was unnecessary to consider waiver where discovery was commenced after the speedy trial period expired.
 
 See id.
 
 at 256. In
 
 Llanusa v. Glickstein,
 
 376 So.2d 45 (Fla. 4th DCA 1979), the Fourth District extended
 
 White
 
 to include a post-expiration continuance taken for the purposes of additional discovery.
 
 See id.
 
 at 46. This result was premised on the conclusion that the trial court lacked jurisdiction to conduct a trial of the petitioner “[ajbsent a proper extension of time within which a defendant must be brought to trial or a justifiable excuse under the terms of [the rule] why trial was not commenced within 180 days.”
 
 Id.
 
 Because the court no longer possessed jurisdiction over the defendant, the Fourth District concluded that the post-expiration motion for continuance had no effect.
 
 See id.; see also Ballard v. Kaney,
 
 397 So.2d 1042, 1042 (Fla. 5th DCA 1981) (“When the speedy trial rule period has run the right of the accused to discharge is not affected by acts which might have earlier constituted a waiver.”);
 
 Muller v. State,
 
 387 So.2d 1037, 1039 (Fla. 3d DCA 1980) (applying
 
 Llanusa
 
 to post-expiration continuance taken prior to the filing of a motion for discharge);
 
 Hammock v. State,
 
 330 So.2d 522, 524 (Fla. 1st DCA 1976) (“A demonstration of unpreparedness for trial which is developed after the 180-day period has elapsed, and which has no record support during the 180-day period, does not toll the speedy trial rule.”). Each of these pre-1984 decisions is implicitly founded on the conclusion in
 
 Llanusa
 
 that the trial court lacks jurisdiction to try a defendant after the expiration of the default period.
 

 All of these cases involved a speedy trial rule that did not have the “recapture” concept. The subsequent amendments to the rule have made the above decisions no longer controlling when faced with the current rule. The amendments, which repealed the previous right to automatic discharge and created the window of recapture to remedy the “mistake” of failing to bring the defendant to trial, limit the application of the nullity
 
 *578
 
 principle under the current rule.
 
 See
 
 Fla. R.Crim. P. 8.191 committee notes (1984);
 
 Fla. Bar re Amendment to Rules
 
 — Crimi
 
 nal Procedure,
 
 462 So.2d 386, 388 (Fla. 1984). For instance, the trial court is no longer deemed to lose jurisdiction at the expiration of the default period, as demonstrated by the extension of time to bring the defendant to trial through the recapture window. In addition, the nullity principle is inapplicable where the State is entitled to the recapture period because the defendant is not subject to automatic discharge.
 

 The nullity principle may or may not have continued life in circumstances where the State is not entitled to the recapture period. In limited circumstances, the current rule provides for discharge after the filing of a notice of expiration without affording the State the opportunity to bring the defendant to trial during the recapture period. We do not address those circumstances today.
 

 The court below primarily relied upon
 
 State v. Leslie,
 
 699 So.2d 832 (Fla. 3d DCA 1997), as the authority for its decision. In
 
 Leslie,
 
 the Third District Court of Appeal applied the nullity principle when the State filed the charging documents two days after the expiration of the default period. The
 
 Leslie
 
 court determined that under
 
 Genden v. Fuller,
 
 648 So.2d 1183 (Fla.1994), the defendant was entitled to immediate discharge, and accordingly, the post-expiration continuance was a nullity under the Third District’s decision in
 
 Muller. See Leslie,
 
 699 So.2d at 833. The Fourth District’s reliance on
 
 Leslie
 
 ignores a dis-positive factual distinction between that decision and
 
 Nelson.
 
 The State in
 
 Leslie
 
 was not entitled to the recapture period because it had failed to file the charging document before the expiration of the 175-day speedy trial period.
 
 See Leslie,
 
 699 So.2d at 832. Under no circumstances would the State be able to bring the defendant to trial because it failed to timely file the charges; therefore, a defendant’s post-expiration continuance would neither contribute to nor impact the reason that trial could not commence.
 
 See id.
 
 This distinction is reiterated in the special concurrence in
 
 Leslie,
 
 where Judge Shevin clarified that
 
 under the factual circumstances,
 
 the State was
 
 not
 
 entitled to the recapture window and the defendant’s discharge was mandated.
 
 See Leslie,
 
 699 So.2d at 833 (Shevin, J., specially concurring). However, in
 
 Nelson,
 
 the State filed the delinquency proceeding
 
 within
 
 the speedy trial period and was therefore entitled to the recapture window.
 

 A similar analysis applies to
 
 Ryan v. State,
 
 768 So.2d 19 (Fla. 3d DCA 2000), which was also relied upon by the court below. In that decision, the defendant requested a post-expiration continuance, which was granted.
 
 See id.
 
 at 20. Shortly thereafter, the defendant filed a notice of expiration.
 
 See id.
 
 There is no indication that the effect of the continuance was considered at that time. The trial court scheduled a trial during the recapture period, but the State still failed to bring the defendant to trial within that time.
 
 See id.
 
 Relying on
 
 Leslie, Muller,
 
 and
 
 Stewart,
 
 the Third District in
 
 Ryan
 
 concluded that under these circumstances, the defendant was properly entitled to automatic discharge despite the post-expiration continuance.
 
 See id.
 
 Though the post-expiration continuance initially operated as a waiver because the State was entitled to the recapture period, this decision is distinguishable from
 
 Nelson
 
 because the State failed to assert the waiver issue prior to the case being set for trial. Furthermore, the State failed to bring the defendant to trial within the recapture period. Thus, the continuance operated as a nullity because it was not the principal reason the trial
 
 *579
 
 could not commence.
 
 [3]
 
 In sum, these decisions illustrate circumstances in which the nullity rule is still applicable under the current speedy trial rule.
 

 However, in
 
 Nelson,
 
 the Fourth District has crafted a rule that distinguishes between post-expiration continuances taken before and after the filing of a notice of expiration without consideration of the recapture period. This is a distinction without a legally cognizable difference when the State is entitled to the recapture window. To approve this result would apply the nullity principle without consideration of its operative effect or the current rule. As demonstrated by
 
 Llanusa,
 
 the nullity principle only applies in circumstances in which the effect of the continuance is void because the defendant is entitled to discharge for reasons attributable to the State or the trial court. In other words, the continuance does not operate as a waiver because the defendant would be discharged regardless.
 

 Under the current rule, there is no practical reason for distinguishing between pre- and post-expiration continuances where the defendant is not entitled to automatic discharge and the State retains the opportunity to commence trial for the defendant within the window of recapture. Moreover, a defendant is required to invoke the provisions of the rule to receive the benefit of the nullity principle, unless the continuance actually operates as a nullity. To hold otherwise frustrates the purpose of the speedy trial rule, thereby rendering it a right to speedy discharge rather than a right to speedy trial.
 
 Cf. Zabrani v. Cowart,
 
 502 So.2d 1257, 1259 n. 4 (Fla. 3d DCA 1986).
 

 In addition, a post-expiration continuance can be construed as a delay attributable to the defendant under Florida Rule of Criminal Procedure 3.191(j)(2). This is logical when considered under the facts of the present case. Here, Nelson’s right to a speedy trial under the default period existed until he declined to exercise it. Once the period expired, Nelson possessed the option to either file a notice of expiration, which would require the State to bring him to trial within fifteen days, or take a continuance to further prepare for trial. Rather than avail himself of his right to a speedy trial under the default period by filing a notice of expiration and proceeding with trial, Nelson appeared at a hearing, which was set after the expiration of the period, and requested a continuance for purposes of conducting further discovery. It was this continuance that delayed the trial proceedings. Therefore, the continuance does not operate as a nullity without legal effect because the delay was solely attributable to the actions of the defendant. In other words, when Nelson requested a post-expiration continuance for purposes of discovery without filing a notice of expiration, he necessarily waived his right to a speedy trial within the default period.
 

 Regardless of when a continuance occurs, a defendant must avail himself of the procedural mechanisms available under the current rule. This requires a defendant to file a notice of expiration to trigger the recapture provisions of the rule. There is no effective distinction in a post-
 
 *580
 
 expiration continuance taken before the filing of a notice of expiration that would require this type of continuance to operate as a nullity rather than a waiver.
 

 Moreover, this type of continuance must operate as a waiver to avoid an anomaly within the rule. As demonstrated by Nelson’s actions, the decision of the Fourth District would allow a defendant to avoid the provisions of the rule, thus creating a gray period without consequence between the expiration of the default period and the filing of a notice of expiration. Nelson requested a continuance, engaged in further discovery, and then waited until a time after the expiration of the juvenile and adult periods before filing a notice of expiration, presumably under the assumption that this would entitle him to automatic discharge. Clearly, Nelson filed the notice of expiration to invoke his right to
 
 discharge,
 
 not to a trial. Consequently, the decision of the Fourth District would afford defendants a windfall that does not reflect either the purpose of the rule or the terms of the rule while creating a potential for abuse by which a defendant could perpetually delay a trial without consequence or legal ramifications. To approve such a result would require this Court to ignore the terms of the rule and the intent of the 1984 amendment to allow the State an opportunity to remedy a mistake through the recapture period.
 

 III. CONCLUSION
 

 For the above reasons, we answer the certified question in the affirmative and hold that when the State is entitled to the recapture period, a continuance that is chargeable to the defense and made after the expiration of the speedy trial period but before a defendant files a notice of expiration waives a defendant’s speedy trial rights under the default period of the rule. Accordingly, we quash the decision of the Fourth District and remand for further proceedings consistent with this opinion. We further disapprove of the decisions under the current speedy trial rule to the extent that they hold otherwise.
 

 It is so ordered.
 

 QUINCE, C.J., and LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 CANADY, J., concurs in result only.
 

 PARIENTE, J., recused.
 

 [1]
 

 . The Fourth District framed the question solely in terms of the adult speedy trial rule. Therefore, we utilize the terminology related to the adult rule with the understanding that it also generally applies to the juvenile rule, except where specifically noted otherwise.
 

 In addition, the Fourth District declined to address whether the filing of a juvenile petition could be considered the initiation of
 
 *574
 
 charges which the Slate could later amend into a felony information. Therefore, we do not address this issue because the district court did not pass upon the issue and it is thus outside the scope of the certified ques-lion.
 
 See
 
 art. V, § 3(b)(4); Fla. R.App. P. 9.030(a)(2)(A)(v);
 
 Gee v. Seidman & Seidman,
 
 653 So.2d 384, 384 (Fla.1995);
 
 Revitz v. Baya,
 
 355 So.2d 1170, 1171 (Fla.1977).
 

 [2]
 

 . In
 
 Stewart,
 
 the First District Court of Appeal certified the following question of great public importance: "If the state files a felony charge against the defendant and the defendant moves for a continuance more than 90 days but less than 180 days after his arrest, and the state then nol presses the felony charge and refiles the information charging a misdemeanor, is the defendant entitled to an immediate discharge under the speedy trial rule?” 491 So.2d at 271.
 

 [3]
 

 . In
 
 Nelson,
 
 the Fourth District also relied on
 
 Von Waldner v. State,
 
 860 So.2d 1061 (Fla. 5th DCA 2003), which held that the general rule with regard to waiver did not apply to a post-expiration continuance taken because of the State's failure to provide discovery until
 
 after
 
 the expiration of the speedy trial period.
 
 Von Waldner
 
 is distinguishable from the instant decision because the continuance there was chargeable to the State, not the defense. Here, the district court's decision states that Nelson requested a continuance without any implication that it was charged to the State.