PER CURIAM.
This appeal arises from the final order discharging the defendant for violation of his speedy trial rights. The State argues that the defendant was not entitled to immediate discharge. We agree and reverse.
On July 25, 2008, the State filed a juvenile petition charging the defendant with lewd or lascivious battery on a minor occurring between May 15 and August 15, 2006. Also on that day, the defendant was served by summons and the 90-day juvenile speedy trial period began to run. On October 23, 2008, the juvenile speedy trial period expired. On February 17, 2009, the State filed an amended juvenile petition alleging the offense occurred between March 9 and March 11, 2007. On July 12, 2009, the defendant turned 19 years of age. On August 25, 2009, trial was noticed for October 8, 2009. On September 23, 2009, the defense moved for, and was granted, a continuance. On October 13, 2009, a motion hearing was held. At the hearing, the State filed an information to bring jurisdiction into the circuit court for the charges exactly as alleged in the amended petition. The defendant then moved for discharge, arguing that his speedy trial rights had been violated. The trial court agreed and granted the defendant’s motion for discharge. The State appealed.
Generally, a defendant is not entitled to discharge because the State fails to hold an adjudicatory hearing within the default speedy trial period. See Fla. R. Juv. P. 8.090(m). Instead, a defendant must first invoke his speedy trial rights by filing a motion for discharge and a notice of hearing. See Fla. R. Juv. P. 8.090(m)(2). The motion for discharge triggers a 10-day recapture period during which time the State must initiate adjudicatory proceedings. See Fla. R. Juv. P. 8.090(m)(3). Assuming the State does not waive its right to the recapture period, discharge of a defendant is appropriate only if the State fails to initiate trial within the recapture period. See id. In this case, the State did not waive its right to the recapture period, and the trial court’s discharge of the defendant deprived the State of that right.
Additionally, “when the State is entitled to the recapture period, a continuance that is chargeable to the defense and made after the expiration of the speedy trial period but before a defendant files a [motion for discharge] waives a defendant’s speedy trial rights under the default period of the rule.” State v. Nelson, 26 So.3d 570, 580 (Fla.2010). In this case, the defendant was granted a continuance post-expiration of the speedy trial period and prior to his motion for discharge. Thus, the defendant waived his speedy trial rights and was not entitled to seek discharge on those grounds. Accordingly, we find that the trial court erred by granting the defendant’s motion for discharge.
REVERSE and REMAND for further proceedings consistent with this opinion.
WOLF, ROBERTS, and WETHERELL, JJ., concur.