[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13586
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-00376-WTH-GRJ

CARL DILLARD, JR.,

Petitioner-Appellant,

versus

SECRETARY, DOC,
FL ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 9, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Carl Dillard, Jr., a Florida state prisoner proceeding *pro se*, appeals the

district court's denial of his *pro se* petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Pursuant to this Court's certificate of appealability ("COA"), Dillard argues that his counsel rendered ineffective assistance by failing to honor his request to file a motion for speedy trial pursuant to Fla.R.Crim.P. 3.191. Although Dillard had more than one counsel during the proceedings in state court, on appeal he challenges only the effectiveness of John Tedder.

When we examine a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error. *Rhode v. Hall*, 582 F.3d 1273, 1279 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 3399 (2010). When a federal court addresses the merits of a claim that was previously adjudicated in state court, it applies a "highly deferential" standard of review to the state decision, as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id*. (quotation omitted); 28 U.S.C. § 2254(d). By contrast, review is *de novo* when a claim is properly presented to the state court, and the state court does not adjudicate the claim on the merits. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 2175 (2011).

A state prisoner may pursue habeas relief in federal courts "only on the

2

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to the Sixth Amendment, a criminal defendant has the right to the effective assistance of counsel, in order to ensure a fair trial. *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S.Ct. 2052, 2063 (1984). To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Id*. at 687, 104 S.Ct. at 2064. Counsel's performance is deficient if it falls below an objective standard of reasonableness, under prevailing professional norms and considering all circumstances. *Id.* at 688, 104 S.Ct. at 2065. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066. In other words, the defendant "must show that no competent counsel would have taken the action that his counsel did take." *Rose v. McNeil*, 634 F.3d 1224, 1241 (11th Cir. 2011) (quotations omitted), *petition for cert. filed*, (U.S. Jun. 2, 2011) (No. 10-10919).

Absent specific situations that constitute *per se* prejudice, a defendant may demonstrate that counsel's performance prejudiced his defense by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the

3

result of the proceeding would have been different." *Strickland*, 466 U.S. at 692, 694, 104 S.Ct. at 2067-68. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. 2068. Accordingly, "[t]he likelihood of a different result must be substantial, not just conceivable." *Rose*, 634 F.3d at 1242 (quotation omitted). We have noted that, because the petitioner must demonstrate both deficient performance and prejudice, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir.), *cert. denied*, 131 S.Ct. 647 (2010).

In addition to a broad constitutional right to speedy trial under the Sixth Amendment, Florida law includes a specific procedural right to speedy trial, set forth in Fla.R.Crim.P. 3.191. *State v. Naveira*, 873 So.2d 300, 308 (Fla. 2004). Rule 3.191, in turn, includes two separate speedy trial provisions. *See* Fla.R.Crim.P. 3.191(a) and (b) (2005); *see also Sims v. Singletary*, 155 F.3d 1297, 1307-08 (11th Cir. 1998) (analyzing counsel's performance in ineffective assistance claim under state law in effect at the time of the challenged proceedings).

Under Rule 3.191(a), a person charged with a felony must be brought to trial within 175 days of being taken into custody. Fla.R.Crim.P. 3.191(a); *see*

Fla.R.Crim.P. 3.191(d) (defining "custody"). This right is not self-executing and requires a defendant to take affirmative action to avail himself of the remedies provided under the statute. *State v. Nelson*, 26 So.3d 570, 574 (Fla. 2010). Specifically, after the 175-day speedy trial period expires, a defendant may file a "Notice of Expiration of Speedy Trial Time," which triggers a 10-day "recapture period." Fla.R.Crim.P. 3.191(p)(2); *Nelson*, 26 So.3d at 574. Within five days of filing the notice, the court must holding a hearing to determine whether any exceptions exist, which would prevent speedy trial, such as the defendant's unavailability. Fla.R.Crim.P. 3.191(p)(3); *Nelson*, 26 So.3d at 574. If no exceptions exist, the trial court must order that the defendant be brought to trial within the ten-day recapture period. Fla.R.Crim.P. 3.191(p)(3); *Nelson*, 26 So.3d at 575. If the state fails to bring the defendant to trial within this period, through no fault of the defendant, he is "forever discharged from the crime." *Id.*

A different procedure is set forth in Rule 3.191(b), which provides that, within 60 days of being charged, a person may file a "Demand for Speedy Trial." Fla.R.Crim.P. 3.191(b). By filing the demand, the defendant represents that he is available to go to trial within five days. Fla.R.Crim.P. 3.191(g). The court must hold a calendar call within 5 days to set a trial date, which must be no less than 5 days from the calendar call, and no more than 45 days. Fla.R.Crim.P. 3.191(b)(1)

and (2).  If the defendant is not brought to trial within 50 days of filing the demand, he then must follow the same procedure described above, commencing with the filing of a "Notice of Expiration of Speedy Trial Time."  Fla.R.Crim.P. 3.191(b)(4).

The right to a speedy trial is waived when the defendant or his attorney requests a continuance.  *State v. Riechmann*, 777 So.2d 342, 365 (Fla. 2000).  In *State v. Nelson*, the Florida Supreme Court further held that "when the State is entitled to the recapture period, a continuance that is chargeable to the defense and made *after the expiration of the speedy trial period* but before a defendant files a notice of expiration waives a defendant's speedy trial rights under the default period of the rule."  *Nelson*, 26 So.3d at 580 (emphasis added).  Finally, a waiver of speedy trial by counsel is binding on the defendant, "even though done without consulting him and even against the client's wishes."  *State v. Kruger*, 615 So.2d 757, 759 (Fla. 4th DCA 1993) (quotation omitted); *see also McKenzie v. State*, 29 So.3d 272, 282 (Fla. 2010).

Although the state post-conviction court addressed the merits of the ineffective assistance claim as to Dillard's trial counsel, Candace Hawthorne, our review of the record indicates that it never adjudicated the merits of an ineffective assistance claim as to Tedder, and we thus do not apply deferential review to this

6

claim. After close examination of the filings in the district court, it does not appear that Dillard alleged a viable claim that counsel rendered ineffective assistance by failing to file a demand for speedy trial within the 60-day window provided for in Rule 3.191(b). With respect to the separate 175-day provision in Rule 3.191(a), Dillard has not demonstrated that counsel performed unreasonably, in failing to file a notice of expiration of speedy trial time at Dillard's request, because counsel had previously waived speedy trial in order to take depositions. *See State v. Gibson*, 783 So.2d 1155, 1158-59 (Fla. 5th DCA 2001) (holding that, where the defendants were granted a continuance and thereby waived speedy trial, their notice of expiration was untimely and a nullity). Accordingly, upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**