NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STATE OF FLORIDA,                        )
                                         )
            Appellant/Cross-Appellee,    )
                                         )
v.                                       )          Case No. 2D12-4482
                                         )
TOMAS BURGESS,                           )
                                         )
            Appellee/Cross-Appellant.    )
_____)

Opinion filed September 24, 2014.

Appeal from the Circuit Court for
Hillsborough County; Debra Behnke,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, Assistant Attorney General,
Tampa, for Appellant/Cross-Appellee.

Tomas Burgess, pro se.


KHOUZAM, Judge.

            The State of Florida appeals, and Tomas Burgess cross-appeals, an order

granting in part and denying in part Burgess's motion for discharge.  The order

dismissed three of six pending charges based on the trial court's conclusion that

Burgess had not waived his right to a speedy trial by the time the State filed a

superseding information.  But because the record reflects that Burgess did waive his right to a speedy trial before the superseding information was filed, we reverse the portion of the order dismissing the pending charges.  We find no merit in Burgess's cross-appeal and therefore affirm the denial of the motion to discharge as to the remaining counts.

Burgess was arrested on March 26, 2010, and was originally charged by information on April 22, 2010.  That information charged Burgess with three counts of burglary of unoccupied areas (one dwelling, one structure, and one conveyance) and two counts of grand theft.  A detailed review of Burgess's pretrial hearings is not necessary; suffice it to say that Burgess became dissatisfied with appointed counsel's representation and repeatedly requested that his attorney be discharged.

During a pretrial hearing on October 14, 2010, the trial court found that Burgess had given up his right to be represented by counsel after conducting both a Nelson[1] and a Faretta[2] inquiry.  Immediately thereafter, the following exchange occurred:

> **Court**: In this case, [appointed counsel] will stay on as standby counsel and—do you need some time to prepare your trial for Monday?
> **Burgess**: [no audible response]
> **Court**: Are you ready to go on Monday?
> **Burgess**: No.
> **Court**: All right.  How much time do you need to prepare your case?
> **Burgess**: I don't know how to answer that.  I guess I'm going to have to learn about the law—
> **Court**: Okay.

---

[1]Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

[2]Faretta v. California, 422 U.S. 806 (1975).

> **Burgess**: —since I'm [indiscernible]. I guess I'm going to have to learn and I don't know how long that's going to take.
> **Court**: We'll set your case over until December the 9th at 8:30. You can let me know then.

At the December hearing, the court set another pretrial hearing for February 22, 2011, and set trial for February 28, 2011.

On February 21, 2011, the State filed a superseding information. The superseding information added one count and augmented two of the existing counts. The added count (labeled as count one of the superseding information) was a second burglary of an unoccupied dwelling alleged to have occurred during the same criminal episode. The augmented counts (counts three and six of the superseding information) contained additional details clarifying the victims and items stolen in the two already-existing grand theft counts. The remaining three counts were retained from the original information and were realleged verbatim.

On February 28, 2011, the morning scheduled for trial, Burgess again told the court he was not ready, and the case was again continued. During the following eighteen months Burgess filed a variety of motions, some of which addressed the speedy trial rule. But the record does not reflect that a demand for speedy trial was ever filed, either pro se or on Burgess's behalf.

On August 8, 2012, Burgess filed a pro se motion for discharge, arguing that the superseding information filed February 21, 2011, violated his right to a speedy trial. The trial court entered an order on August 9, 2012, granting the motion in part and denying in part. In the order, the trial court concluded that although Burgess "eventually" waived his right to speedy trial on some unspecified date, he had not yet done so by the time the State filed its superseding information on February 21, 2011.

Based on its speedy trial analysis, the trial court further concluded 1) that the new count in the superseding information arose from the same set of facts underlying the original information, and 2) that the two amended grand theft counts were "sufficiently different" to result in prejudice to Burgess. Without any further explanation, the order dismissed counts one, three, and six of the superseding information. The trial court denied the motion as to the three counts which were identical in both charging documents. From this order, the State appealed and Burgess cross-appealed.

Florida Rule of Criminal Procedure 3.191(a) provides that a person accused of a felony generally has the right to be brought to trial within 175 days of arrest. The rule, however, is not self-executing and requires affirmative action on behalf of the defendant to avail himself or herself of the proper remedies. State v. Nelson, 26 So. 3d 570, 574 (Fla. 2010). "Florida's speedy trial rule is a procedural protection and, except for the right to due process under the rule, does not reach constitutional dimension." State v. Naveira, 873 So. 2d 300, 308 (Fla. 2004) (quoting State v. Bivona, 496 So. 2d 130, 133 (Fla. 1986)) (internal quotations omitted).

Generally, a defense request for a continuance waives the right to speedy trial. Banks v. State, 691 So. 2d 490, 491 (Fla. 4th DCA 1997). And "[a]ny defense request to postpone a case for any period of time, whatever called, constitutes a motion for a continuance waiving speedy trial rule rights." Blackstock v. Newman, 461 So. 2d 1021, 1022 (Fla. 3d DCA 1985). This is true even for continuances requested after the expiration of the speedy trial period, so long as the defendant has not yet filed a notice of expiration of speedy trial time. Nelson, 26 So. 3d at 580 (holding that the recapture period provisions of rule 3.191 compel the conclusion that "a continuance that is

chargeable to the defense and made after the expiration of the speedy trial period but before a defendant files a notice of expiration waives a defendant's speedy trial rights under the default period of the rule").  Once waived, the defendant can "start the clock running again," but only by invoking a demand for speedy trial under rule 3.191(b).  See Atkins v. State, 785 So. 2d 1219, 1220 (Fla. 4th DCA 2001).  Interpretation of rule 3.191 is a legal question subject to de novo review.  See Nelson, 26 So. 3d at 573-74.

Here, the trial court erred as a matter of law when it determined that Burgess had not waived his right to a speedy trial before February 21, 2011.  The transcript of the October 14, 2010, hearing demonstrates that Burgess unequivocally stated he was not ready for his imminent trial and needed more time to prepare.  This statement constituted a motion for continuance and operated as a waiver of Burgess's right to a speedy trial.[3]  Although the 175-day window following Burgess's March 26, 2010, arrest had already expired in September 2010, no notice of expiration of speedy trial was filed before the continuance.  Consequently, "when [Burgess] requested a post-expiration continuance . . . without filing a notice of expiration, he necessarily waived his right to a speedy trial within the default period."  Nelson, 26 So. 3d at 579.

Because Burgess waived his right to a speedy trial prior to the date the State filed the superseding information, we must now determine whether the new information resulted in prejudice to Burgess.  "It is well-settled that the state may amend its information pre-trial or even during trial, either as to substantive or non-substantive matters, unless the defendant is prejudiced thereby."  State v. Clifton, 905 So. 2d 172,

---

[3]Our focus on the October 14, 2010, dialogue should not be read to address whether any other conduct would independently constitute a waiver of that right; rather, the existence of even one such waiver during the relevant period is sufficient to demonstrate the error in the trial court's analysis.

178 (Fla. 5th DCA 2005) (quoting State v. Erickson, 852 So. 2d 289, 291 (Fla. 5th DCA 2003)) (internal quotations omitted).  Where the defendant is afforded an adequate opportunity to investigate the evidence and prepare a defense, an amendment to the information is not improper even where the amendment adds a new charge with different elements of proof.  Cf. Peevey v. State, 820 So. 2d 422, 424 (Fla. 4th DCA 2002) (observing that, although an amendment which added a new victim and a new offense to the information on the day of trial was not permissible, "[h]ad the State added the charge earlier, the Defendant could have investigated what evidence the State could present and formulate a defense").

Here, it is difficult to imagine that the superseding information impermissibly prejudiced Burgess.  As noted above, the superseding information added a new charge and details to existing charges.  But, given that the superseding information was filed more than seventeen months before the motion to discharge—without a trial occurring on these charges—Burgess cannot claim prejudice because he has had more than ample time to investigate the evidence and formulate a defense. The trial court's conclusion that the superseding information impermissibly prejudiced Burgess simply cannot stand.

Consequently, the trial court erred in dismissing the counts.  Accordingly, we reverse the part of the order that dismisses counts one, three, and six of the superseding information.  We affirm the remainder of the order denying the motion to discharge as to the three counts that were not amended in the superseding information. On remand, the trial court shall reinstate counts one, three, and six in the superseding information.

Affirmed in part; reversed in part; case remanded.


LaROSE and BLACK, JJ., Concur.