# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**LAQUENTIN JENKINS,**
Appellee.

No. 2023-1745

[May 15, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark Alan Speiser, Judge; L.T. Case No. 23-1422CF10.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellant.

Kenneth D. Padowitz and Joshua E. Padowitz of Kenneth Padowitz, P.A., Fort Lauderdale, for appellee.

FORST, J.

The State timely appeals the trial court's order discharging Defendant Laquentin Jenkins' possession of a firearm by a felon charge. The trial court reasoned that the charge was added to a pending murder prosecution after the 175-day speedy trial deadline from Florida Rule of Criminal Procedure 3.191(a) had elapsed, and that this addition had prejudiced the defense. The State argues that Defendant waived his speedy trial right by moving to continue the case and failing to demand a speedy trial. We agree and reverse the trial court's discharge order and remand for reinstatement of the firearm possession charge.

## Background

Defendant was arrested and charged on the same day with second-degree murder with a firearm. The information alleged that Defendant had used a firearm to shoot and kill the victim. Five hundred and twenty days after the murder charge was filed, the State charged Defendant with possession of a firearm by a convicted felon, with this charge based on Defendant's possession of a firearm during the aforementioned murder.

Defendant moved to consolidate the murder and firearm possession prosecutions into one case. After the consolidation was granted, he moved to continue the consolidated case, noting in his motion that his speedy trial right had "previously been waived."

Despite consolidating the charges, Defendant moved to discharge the firearm possession case. He argued that his Florida speedy trial right, embodied in rule 3.191, was violated, because the rule requires the State to bring all charges arising out of the same criminal conduct within 175 days of a felony arrest. Defendant also argued that under *Barker v. Wingo*, 407 U.S. 514 (1972), he was prejudiced by the State's delay in bringing the possession charge because that charge compromised his theory of self-defense and allowed Defendant's convicted felon status to be admissible whether or not he testified. Defendant further argued that, while he normally would have needed to file a notice of expiration before moving to discharge, such notice was not required because the State had filed the firearm possession charge after the 175-day speedy trial period had passed.

In response, the State primarily contended that Defendant had waived his speedy trial right by moving to continue the case. The State also argued that Defendant's decision to consolidate the charges was the cause of Defendant's prejudice, not the State's delay.

The trial court granted Defendant's motion to discharge. This timely appeal follows.

## Analysis

The State argues the trial court erred in discharging the firearm possession charge because Defendant waived his speedy trial right by filing a motion for continuance that stated his speedy trial right had previously been waived and by failing to make a demand for a speedy trial. The State also argues that the trial court improperly weighed the factors set forth in *Barker* in determining that Defendant's speedy trial right was violated.

"A trial court's ruling on a motion to discharge under the speedy trial rule presents mixed questions of law and fact." *Davis v. State*, 286 So. 3d 170, 173 (Fla. 2019). Factual findings are reviewed for competent, substantial evidence, while the trial court's application of the law to the facts is reviewed de novo. *Id.* at 174; *State v. Cheeks*, 294 So. 3d 934, 939 (Fla. 4th DCA 2020). Rule 3.191's interpretation regarding the right to a

speedy trial is a legal question reviewed de novo. *State v. Nelson*, 26 So. 3d 570, 573–74 (Fla. 2010).

We agree with the State that Defendant's continuance motion waived his speedy trial right. A continuance motion filed after the 175-day speedy trial period constitutes an ongoing waiver to all charges arising out of the same criminal episode forming the continued case, except where that continuance is a nullity. *Atkins v. State*, 785 So. 2d 1219, 1220 (Fla. 4th DCA 2001); *Nelson*, 26 So. 3d at 579. Because Defendant filed his continuance motion after the 175-day period, this continuance waived his speedy trial right unless the continuance was a nullity.

Defendant argues his continuance was a nullity because his speedy trial right had already been violated when his continuance motion was filed. We reject this argument because it is premised on Defendant being entitled to an automatic discharge.

A defendant is not entitled to an automatic discharge except in limited circumstances. The general rule provides:

> If a defendant has not waived his speedy trial rights and he or she has not been charged or tried within the applicable speedy trial period . . . he or she is not automatically entitled to a discharge of the charges. If a defendant has not waived his speedy trial rights and he has not been charged or tried within the speedy trial period, the defendant must take affirmative action once the speedy trial period has expired (on or after 175 days of arrest for a felony) by filing a notice of expiration of speedy trial.

*Wallace v. State*, 189 So. 3d 1022, 1026 (Fla. 3d DCA 2016).

Defendant did not meet either the nonwaiver or the affirmative action requirement. Defendant waived his right because his continuance motion stated that he had previously waived his speedy trial right. Moreover, Defendant did not take affirmative action because he failed to file a notice of expiration. A motion for discharge is not a substitute for a notice of expiration, which provides the State a 15-day recapture period to fix any delays—the notice *must* precede the motion. *See* Fla. R. Crim. P. 3.191(p)(3); *Nelson*, 26 So. 3d at 572 ("[A] continuance that is chargeable to the defense and made *after* the expiration of the speedy trial period but *before* a defendant files a notice of expiration waives a defendant's speedy trial rights . . . ."); *State v. Demars*, 848 So. 2d 436, 439 (Fla. 4th DCA

2003) ("Strict compliance with the [notice of expiration] rule is a practical necessity.").

And while limited circumstances exist where the State can forfeit its right to a recapture period and a defendant can be entitled to an automatic discharge, those circumstances are not present here. *See, e.g., State v. Clifton*, 905 So. 2d 172, 175 (Fla. 5th DCA 2005).[1] Therefore, Defendant's motion for continuance waived his speedy trial right, and the trial court erred in discharging the firearm possession charge.

Even if we held that Defendant had properly invoked his speedy trial right and had not waived it, discharge would not have been proper under *Barker*. *Barker* set forth four factors that courts use to determine whether a defendant's speedy trial right were violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant. *See Barker*, 407 U.S. at 530; *Szembruch v. State*, 910 So. 2d 372, 375–76 (Fla. 5th DCA 2005).

While the lengthy delay in filing the firearm possession charge was presumptively prejudicial, *see State v. Joyner*, 460 So. 2d 584, 585 (Fla. 5th DCA 1984), and the delay was solely attributable to the State's negligence, *see Howell v. State*, 418 So. 2d 1164, 1172 (Fla. 1st DCA 1982), we find these factors were outweighed by Defendant's failure to assert his speedy trial right and the fact that any prejudice was caused by Defendant's own decision to consolidate and continue the cases. *See Barker*, 407 U.S. at 532 (explaining that prejudice is concerned by time's effects on witness's memory or ability to appear in court). Critically, the only plausible prejudice which Defendant claimed stems from Defendant's felony conviction being admissible regardless of whether Defendant testifies. We find this prejudice may be remedied on remand by allowing Defendant to move to "deconsolidate" the cases under rule 3.152(a)(1).

## Conclusion

For the foregoing reasons, we reverse the trial court's order discharging Defendant's firearm possession charge and remand for the trial court to reinstate the firearm possession charge with instructions that Defendant may move to deconsolidate the charges if he so chooses.

*Reversed and remanded with directions.*

---

[1] *Clifton* involved an amended information; the instant case involves a second information that, upon *Defendant's motion*, was consolidated with the initial information. 905 So. 2d at 174.

KLINGENSMITH, C.J., and CIKLIN, J., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*